LABORDE, Judge.
This is an appeal by defendant and third party plaintiff, Richard Hughes, M.D. from a district court judgment sustaining a motion for summary judgment filed by third party defendant, Mississippi Insurance Guaranty Association (MIGA). We reverse and remand this case to the trial court for further proceedings consistent with the reasons expressed below.
FACTS
Plaintiffs, Brian Brooker and his wife, Alice Steven Brooker, brought a medical malpractice lawsuit against, among others, Dr. Richard Hughes. Dr. Hughes denied all liability on the principal demand and filed a third party demand against M.I.G.A. and the Virginia Insurance Guaranty Association. In his petition Dr. Hughes asserted that he was a resident of the State of Mississippi and that he was covered for the alleged loss by a policy issued by Ideal Mutual Insurance Company to Community Physicians, Inc., under which he qualified as an insured. Dr. Hughes further alleged that, because Ideal Mutual Insurance Company was declared insolvent, the insurance guaranty associations of Mississippi and Virginia were liable to him for coverage of this claim.[1]
MIGA denied that it was the appropriate insurance guaranty association to provide coverage in the instant claim and filed a motion for summary judgment seeking dismissal of Dr. Hughes’ third party demand and alternatively for declaratory judgment. On October 21, 1988, the plaintiffs’ claims on their principal demand against defendants were compromised and settled reserving to defendant, Dr. Hughes, the right to proceed on his third party demand against MIGA. On that same date, MIGA’s motion for summary judgment and/or motion for declaratory judgment was heard. Final judgment granting summary judgment was signed on November 17, 1988.
LAW
On appeal, third party plaintiff contends that the trial court’s granting of defendant’s motion for summary judgment was improper. He argues that MIGA is the primary insurance guaranty association responsible for providing coverage for the instant claim. According to third party plaintiff, he qualifies as a named insured pursuant to the provisions of Endorsement No. 1 of the Ideal Mutual Insurance Company Policy. As a named insured under an endorsement to the policy who is a Mississippi resident, third party plaintiff urges that under Section 83-23-123(2) of Mississippi Insurance Guaranty Association Law, MIGA has primary coverage.
MIGA, on the other hand, asserts that it is not the proper party in this matter as it has insufficient contacts with the State of Louisiana. It also claims that the named insured under the Ideal Mutual Insurance Company Policy is Community Physicians, Inc., a Virginia Corporation. Thus, MIGA takes the position that Virginia’s insurance guaranty association should have primary coverage pursuant to Section 83-23-123(2) of the Mississippi Insurance Guaranty Association Law.
A motion for summary judgment should be granted only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The movant has the burden of affirmatively showing the absence of a genuine issue *458 of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. Thibodeaux v. Southwest La. Hosp. Ass’n., 488 So.2d 743 (La.App. 3d Cir.1986).
In making their arguments, both parties quote from certain portions of the insurance policy, However, this policy is not in the record and there is no stipulation of fact concerning the policy. We are bound to scrutinize the movant’s papers very closely and to resolve all reasonable doubts against granting a summary judgment. Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983). We therefore have to reverse the decision of the lower court and remand this matter to it for further trial consistent with these reasons.
It is therefore ordered and decreed that the trial court judgment herein be reversed and the matter remanded to the trial court for further trial consistent with the reasons herein expressed. Costs of this appeal are to be borne by third party defendant, MIGA, and further costs to await the outcome of the suit.
REVERSED AND REMANDED.
GUIDRY, J., concurs.

. The third party demand against the Virginia Insurance Guaranty Association was subsequently dismissed without prejudice.