673 So.2d 340 (1996)
Michelle Lynn FROST
v.
Rebecca A. DAVID, Allstate Insurance Company, et al.
No. 95 CW 0839.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*341 Isaac F. Hawkins, III, and Robert H. Schmolke, Baton Rouge, for Plaintiff-Appellee Michelle Lynn Frost.
Al M. Thompson, Hules & Wanek, New Orleans, for Relator-Appellant Essex Insurance Company.
*342 C. Jerome D'Aquila, New Roads, for Respondents-Appellees Major Enterprises, Inc. and James Major A/K/A Spike Major.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.

I. THE ISSUE
The question presented in this writ application is whether a commercial general liability ("CGL") policy provides coverage for injuries sustained by a pedestrian who is struck by a vehicle after leaving the insured's tavern when the pedestrian is under the legal drinking age and allegedly consumed alcoholic beverages at the tavern. The parties dispute whether the insurer is entitled to a summary judgment dismissing all claims against it based on two liquor liability exclusions contained within the insurance policy.

II. FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Arthur Louis Frost,[1] filed suit as administrator of the estate of his minor daughter, Michelle Lynn Frost, naming Major Enterprises, Inc. ("Major"), and its insurer, Essex Insurance Company ("Essex"), as defendants.[2] The petition[3] alleges that on September 20, 1992, Michelle purchased and consumed alcoholic beverages at Pete's Place, an establishment believed to be owned by Major.[4] The petition further alleges Michelle left Pete's Place and was walking down the street when she was struck by a vehicle, causing injuries.[5] Plaintiff contends the sale of alcoholic beverages to Michelle was a cause in fact of the accident. In response to an interrogatory propounded by plaintiff regarding the ownership of Pete's Place, Major responded the property was owned and occupied by Major, doing business as Pete's Place.
Essex filed a motion for summary judgment contending its policy excluded coverage for all claims asserted by plaintiff pursuant to two liquor liability exclusions. Plaintiff and the insured, Major, opposed Essex's motion, contending the policy did not unambiguously exclude coverage for the damages claimed by plaintiff. Alternatively, plaintiff and Major asserted if the policy did exclude coverage, the exclusion was against public policy because a premium was being collected for coverage not afforded under the policy. After a hearing, the trial court denied Essex's motion for summary judgment because "Exclusion (h) [one of the liquor liability exclusions] of the comprehensive general liability policy is contrary to public policy."[6]
Essex's application for supervisory writs was denied by this court. Frost v. David, *343 95-0839 (La.App. 1st Cir. 9/27/95). The supreme court granted Essex's writ application and ordered the matter remanded to this court for briefing, argument and opinion. In its brief to this court, Essex prays the district court's judgment denying its motion for summary judgment be reversed and the plaintiff's action against Essex be dismissed with prejudice. Essex further requests this court to issue an order stating it has no duty to defend any insured under the policy.

III. ANALYSIS

A. Standard of Review
Appellate courts are to review summary judgments on a de novo basis under the same criteria governing the district court's consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). The motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966. A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and without it the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can be resolved properly within the framework of a motion for summary judgment. Garcia v. Certified Lloyds Ins. Co., 598 So.2d 1278, 1280 (La.App. 4th Cir.), writ denied, 604 So.2d 969 (La.1992).

B. Interpretation of the Insurance Policy
An insurance policy is a contract between the parties and should be construed according to general rules of contract interpretation. Reynolds v. Select Properties, Ltd., 93-1480, p. 3 (La. 4/11/94) 634 So.2d 1180, 1183. The extent of coverage provided by a policy is determined by the parties' intent, as reflected by the words of the policy. La.Civ.Code art. 2045; Reynolds, 93-1480 at 3, 634 So.2d at 1183. Where the policy language is clear, unambiguous, and expressive of the parties' intent, the agreement must be enforced as written. Id.
The purpose of liability insurance is to provide the insured with protection from damage claims. Id. Therefore, policies should be construed to effect rather than to deny coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993). Provisions which seek to narrow the obligation of the insurer are to be strictly construed against the insurer. If the language of the exclusion is subject to two or more reasonable interpretations, the interpretation favoring coverage must be applied. Garcia v. St. Bernard Parish School Bd., 576 So.2d 975, 976 (La.1991).
However, subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner as long as the limitations do not conflict with statutory provisions or public policy. Reynolds, 93-1480 at 3, 634 So.2d at 1183. The strict construction rule does not authorize the court to create a new contract or to alter the terms of a contract which are expressed with sufficient clearness to convey the plain meaning of the parties. Reynolds, 93-1480 at 3-4, 634 So.2d at 1183, quoting Muse v. Metropolitan Life Insurance Co., 193 La. 605, 613, 192 So. 72, 75 (1939).

C. The Policy Language
Applying the general principles stated above, we interpret the insurance policy addressed herein. The insuring language of the CGL policy provides in pertinent part, as follows:

I. COVERAGE ABODILY INJURY LIABILITY

COVERAGE BPROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage *344 to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto....
The combined provisions endorsement of the CGL policy provides, in pertinent part:
10. ExclusionLiquor Liability:
It is agreed this policy does not cover bodily injury or property damage for which the Insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
Plaintiff alleges Michelle's injuries were caused by Major's fault or negligence in 1) failing to check identification and in permitting Michelle, a minor, to consume alcoholic beverages, 2) failing to utilize proper security measures to ensure minors were not allowed to enter the premises and consume alcohol, 3) failing to have bartenders check identification at the bar during periods when no doorman was checking identification, 4) knowingly and intentionally serving alcohol to a minor, and 5) failing to adequately supervise patrons of Pete's Place to ensure they did not procure alcohol for the consumption by other minor patrons.
We find the liquor liability exclusion quoted above is not ambiguous. The terms of the exclusion are specific and clearly provide Essex is not liable for damages resulting from the acts in which plaintiff alleges Major was engaged, all of which pertain to the furnishing of alcohol to minors and/or causing or contributing to the intoxication of a person. Therefore, the policy clearly provides it does not insure Major for the damages sought by plaintiff. See Guidroz v. Lewis, 626 So.2d 736, 737-739 (La.App. 5th Cir.1993); Cormier v. Travelers Ins. Co., 618 So.2d 1185, 1186-1187 (La.App. 3d Cir.), writ denied, 625 So.2d 174 (La.1993) (wherein virtually identical liquor liability exclusions were upheld).[7]
Further, there are other cases finding liquor liability exclusions are valid and, thus, preclude coverage whether they are applied to minors or to persons of the lawful age to purchase. Our courts have also upheld these exclusions despite arguments that they violate public policy and that business liability insurers should be prohibited from excluding coverage of injuries or damages arising from the sale of alcohol to minors. See Norris v. Guthrie, 618 So.2d 893, 895-896 (La.App. 5th Cir.); writ denied, 626 So.2d 1173 (La.1993); Morris v. Nu-Way Beverage Co., 591 So.2d 1318, 1319-1320 (La.App.2d Cir.1991), writ denied, 592 So.2d 1342 (La. 1992); Miller v. Benson, 556 So.2d 252, 254-255 (La.App. 2d Cir.); writ denied, 559 So.2d 1379 (La.1990). Since it is against the public policy of the state to serve or sell alcohol to minors, it is not against public policy for an insurance company to exclude coverage for damages arising from such conduct.

D. No Material Issues of Fact
In its brief, Essex states it accepts as true all allegations of fact set forth in plaintiff's petition and urges there are no issues of material fact which would preclude a summary judgment in its favor. Appellee asserts there are material issues of fact regarding whether Major sold liquor to a minor and whether the sale resulted in damages.
The issues of whether Major sold liquor to Michelle and whether such a sale caused Michelle's injuries are not factual issues which are material to a ruling on Essex's motion for summary judgment. Except for the factual allegations that alcohol was sold or served to Michelle while she was a patron at Pete's Place and the consumption of alcohol was a cause in fact of Michelle's accident, there would be no legal basis for holding *345 Major liable for the injuries sustained by Michelle, and, therefore, no basis for holding Essex liable. In other words, any liability of defendant Major must be premised upon some action by Major or his agents connecting Pete's Place to Michelle. If the facts alleged in the petition regarding Major's conduct are not true, Major would not be liable for the damages sought by plaintiff (given the allegations of the petition) and, therefore, Essex would be entitled to have the claims asserted against it dismissed. Furthermore, if the allegations are true, Essex is not liable because the damages sought are clearly excluded from coverage under the liquor liability exclusion. Accordingly, we find no merit in Major's argument that there are material issues of fact which preclude the granting of the summary judgment.

E. Duty to Defend
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. The insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Yount v. Maisano, 627 So.2d at 153.
Essex's policy addresses the duty to defend and provides: "It is agreed where no coverage exists under this policy, there is no duty to defend." Even affording plaintiff a liberal reading of the allegations in this suit, we find the policy language unambiguously excludes coverage for the claims asserted. Accordingly, Essex has no duty to defend the insured under the policy in question against the claims asserted by plaintiff. Compare Duplin v. State Farm Mutual Automobile Ins. Co., 559 So.2d 146, 147 (La. App. 3d Cir.), writs denied, 564 So.2d 326, 328 (La.1990).

IV. CONCLUSION
There are no genuine issues of material fact, and Essex is entitled to summary judgment as a matter of law. Accordingly, the judgment of the trial court denying Essex's motion for summary judgment is reversed. We hereby grant the writ and render judgment in favor of Essex, granting its motion for summary judgment and dismissing plaintiff's claims against Essex with prejudice. Costs of this writ are to be paid by Major Enterprises, Inc.
WRIT GRANTED; REVERSED AND RENDERED.
SHORTESS, J., concurs without reasons.
NOTES
[1] Michelle Lynn Frost was named alternatively as a party plaintiff to provide for the contingency that she reached maturity during the pendency of these proceedings.
[2] Plaintiff also named Spike Major, James W. Major, Sr., Rebecca David and Allstate Insurance Co. as defendants.
[3] Our reference to the petition includes plaintiff's original petition and the first and second supplemental and amending petitions.
[4] The petition alleges that based upon information and belief, Pete's Place is owned by defendants, Major Enterprises, Inc., and/or defendant, Spike Major, and/or defendant, James Major, Sr.
[5] Plaintiff contends Michelle consumed sufficient alcoholic beverages to have a .080 percent blood alcohol content reading in tests performed after the accident.
[6] The policy provides, in pertinent part:

Exclusions
This insurance does not apply:
* * * * * *
(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above....
[7] Essex asserts coverage is excluded under the policy pursuant to two liquor liability exclusions. One of these exclusions, identified as exclusion (h), is the provision which the trial court found to be contrary to public policy. Since we find the other liquor liability exclusion contained within the combined provisions endorsement clearly and unambiguously excludes coverage for the claims advanced by plaintiff, it is unnecessary for this court to interpret exclusion (h) or to determine whether it is contrary to public policy.