809 So.2d 190 (2001)
Phyllis ADAMS, et al.
v.
Kenneth ARCENEAUX, et al.
No. 2000 CA 1440.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
Rehearing Denied August 13, 2001.
*192 Wayne J. Jablonowski, Kevin J. Christensen, New Orleans, for Plaintiffs-Appellants Phyllis Adams and Phylway Construction, Inc.
Lawrence J. Boasso, Metairie, for Defendant-Appellee Travelers Indemnity Company.
Before: FOIL, FOGG and CLAIBORNE,[1] JJ.
CLAIBORNE, Judge.
This is an appeal by plaintiff, Phyllis Adams, and defendant-in-intervention, Phylway Construction, Inc. (Phylway), from a district court certified final judgment granting a motion for summary judgment filed by defendant-in-intervention, Travelers Indemnity Company (Travelers). We affirm.

FACTS AND PROCEDURAL HISTORY
This case has been ongoing since July 26, 1995, when plaintiff sued Kenneth Arceneaux and Contours Unlimited, Inc. (defendants) for a money judgment on a promissory note.[2] Plaintiff obtained the money judgment and then on May 8, 1997, pursued a judicial seizure of various construction vehicles and equipment. Before plaintiff brought the suit on the promissory note, defendants purportedly sold and transferred the equipment to J. Caldarera & Company, Inc. (Caldarera). After the judicial seizure of the equipment, Caldarera intervened to seek an injunction prohibiting the sale of the alleged wrongfully seized property which no longer belonged to defendants. In the petition for intervention, Caldarera also sought damages resulting from the wrongful seizure and property damages, naming plaintiff, Phylway, and its insurer, Travelers, as defendants-in-intervention.[3] Plaintiff amended her petition to add Caldarera as a defendant, *193 alleging that the sale/transfer of the equipment from the original defendants to Caldarera was for insufficient consideration and only done to deprive plaintiff from recovering on her judgment against defendants. Throughout the litigation, plaintiff has maintained her good faith in the judicial seizure of the equipment.[4]
On July 20, 1999, Travelers moved for summary judgment alleging that it was entitled to judgment as a matter of law because there was "no genuine issue as to material fact as to the lack of coverage for the claims asserted in the pleadings." At a hearing on October 8, 1999, the trial court denied plaintiff's exceptions of no cause of action and no right of action and dismissed a motion to strike involving the petition for intervention. At the same hearing, Travelers' motion for summary judgment was heard over the objection of plaintiff.[5] After hearing arguments of counsel and reviewing the memoranda and evidence submitted, the trial court granted summary judgment in favor of Travelers on November 17, 1999. Plaintiff and Phylway, as defendants-in-intervention, appeal alleging that the trial court erred in granting the summary judgment as there are genuine issues of material fact regarding the interpretation of Travelers' insurance policy. Plaintiff and Phylway also allege the trial court erred in setting the motion for summary judgment for contradictory hearing based upon a non-moving party's (Caldarera's) ex parte request.

LAW AND ANALYSIS

Standard of ReviewSummary Judgment
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 B. Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966 A(2).
The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the court consider the evidence in support of the opposition showing the existence of specific facts establishing a genuine issue of material fact. See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1st Cir.5/9/97), 694 So.2d 1189, 1191-92, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the mover carries the burden and *194 the non-moving party fails to show in his opposition that there is no genuine issue of material fact, summary judgment should be granted. La.Code Civ. P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment should be granted. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Rambo v. Walker, 96-2538, p. 5 (La.App. 1st Cir.11/7/97), 704 So.2d 30, 33.
The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Frost v. David, 95-0839, p. 4 (La.App. 1st Cir.5/10/96), 673 So.2d 340, 343. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy under which coverage could be afforded when applied to the undisputed material facts shown by the evidence supporting the motion. Reynolds v. Select Properties, Ltd., 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1183.

Contradictory Hearing
Plaintiff complains that Travelers' motion for summary judgment should not have been set for hearing because a non-moving party (Caldarera) requested the hearing date. Pursuant to a joint motion for continuance of hearings on August 18, 1999, the trial court ordered that the hearing on Travelers' motion for summary judgment be continued without date and that the hearing on plaintiff's peremptory exceptions and motion to strike be continued until October 8, 1999. Thereafter, on September 22, 1999, in the interest of judicial economy and the convenience of the parties, Caldarera moved to set Travelers' motion for summary judgment for contradictory hearing on the same day as the hearing for plaintiffs exceptions and motion to strike. Travelers had no opposition to the setting of its motion for summary judgment on October 8, 1999; however, plaintiff opposed the setting of the hearing. Nevertheless, the trial court set the summary judgment for hearing on October 8, 1999. Plaintiff was served with the order setting the hearing. Plaintiff filed a memorandum in opposition to the motion for summary judgment on October 5, 1999, and a response memorandum on October 6, 1999. All counsel were present at the hearing on October 8, 1999, and Travelers did not oppose the hearing on the motion for summary judgment after plaintiff's exceptions and motion were heard.
We find no error in the setting of the motion for summary judgment for hearing. La. Code Civ. P. art. 966 D requires that a motion for summary judgment be heard within a reasonable time. The time for the hearing is set by the trial court within its discretion. Any party who needs a delay should present to the court specific and convincing reasons for any continuance. While normally it is proper to require that a motion for summary judgment emanate from one of the interested parties, the date for hearing is a matter within the discretion of the court (provided there is compliance with the provisions of La.Code Civ. P. art. 966), and in a case with multiple parties judicial efficiency demands that the court have greater control over docket management. This is especially true when the case is old enough to have allowed for whatever discovery *195 might have been necessary. This assignment of error is without merit.

The Insurance Policy
In making their arguments in memoranda, at the hearing, and in briefs to this court, both Travelers and plaintiff quote from certain portions of the insurance policy issued by Travelers to Phylway. The insurance policy was filed on the same day as Travelers' motion for summary judgment. However, there was no affidavit verifying a true copy of the policy nor was there any stipulation regarding the validity of the policy contained in the record. At the hearing on the summary judgment, there was very little argument of counsel; no depositions or documents were submitted. Plaintiff did not contest the authenticity of the insurance policy filed with Travelers' motion for summary judgment. We are bound to scrutinize the movant's submissions very closely and to resolve all reasonable doubts against granting a summary judgment. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Brooker v. Boudreaux, 570 So.2d 456, 458 (La.App. 3rd Cir.1990); Ledbetter v. Myers, 438 So.2d 700, 704 (La.App. 2d Cir.1983). Because nothing in the record calls the authenticity of the policy into question, we find that the uncertified policy filed with Travelers' motion for summary judgment was properly considered by the trial court. See Grelle v. Youngblood, 96-2210, p. 4 (La.App. 4th Cir.3/26/97), 691 So.2d 279, 282, writ denied, 97-1287 (La.9/5/97), 700 So.2d 510.
Plaintiff claims that the trial court judgment granting Travelers' motion for summary judgment is improper because of the existence of genuine issues of material fact regarding interpretation of the insurance policy coverage. In Frost v. David, 95-0839 at 4-5, 673 So.2d at 343-344, we succinctly set forth the rules to be employed in interpreting an insurance policy.
An insurance policy is a contract between the parties and should be construed according to general rules of contract interpretation. The extent of coverage provided by a policy is determined by the parties' intent, as reflected by the words of the policy. Where the policy language is clear, unambiguous, and expressive of the parties' intent, the agreement must be enforced as written.
The purpose of liability insurance is to provide the insured with protection from damage claims. Therefore, policies should be construed to effect rather than to deny coverage. Provisions which seek to narrow the obligation of the insurer are to be strictly construed against the insurer. If the language of the exclusion is subject to two or more reasonable interpretations, the interpretation favoring coverage must be applied.
However, subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner as long as the limitations do not conflict with statutory provisions or public policy. The strict construction rule does not authorize the court to create a new contract or to alter the terms of a contract which are expressed with sufficient clearness to convey the plain meaning of the parties. (Citations omitted.)
Travelers maintains that the insurance policy issued to Phylway contains specific exclusions for losses arising out of legal proceedings and further excludes coverage for damage to the type of property seized in the judicial seizure. The policy also contains an exclusion for intentional acts; however, we do not find it necessary to explore that provision because other exclusions in the policy apply.
*196 The insurance policy in question contains several parts including a "Commercial General Liability Coverage" part, a "Commercial Inland Marine Coverage" part, and a "Commercial Property Coverage" part. Additionally, attached to it are numerous endorsements which apply to various parts, and an attachment of "Common Policy Conditions" which applies to all parts.
One of the attachments to the policy is a "Causes of LossSpecial Form" which contains an exclusion of coverage for loss or damage caused directly or indirectly by legal process involving appropriations of property or repossession of property. However, the "Causes of LossSpecial Form" is referenced only in the "Commercial Property Coverage" part and appears to apply only to that part, which does not provide liability coverage. Thus, the legal proceedings exclusion does not apply to the commercial general liability provisions of the policy.
The relevant provisions of Travelers' policy are as follows, with emphasis added:
SECTION ICOVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
2. Exclusions.
This insurance does not apply to:
g. Aircraft, Auto or Watercraft
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
h. Mobile Equipment

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured;

j. Damage to Property
"Property damage" to:
(4) Personal property in the care, custody or control of the insured;

SECTION VDEFINITIONS
2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."
11. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:
a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

A review of the pleadings, the list of seized equipment, the entire record beginning with plaintiff's initial lawsuit to collect on a promissory note, and the subsequent judicial seizure of equipment, reveal that Travelers' insured, Phylway, was not covered for the damages alleged by the intervenor, Caldarera. The pleadings and record establish that the seized property all fell within the definitions of "auto" or "mobile equipment" which are specifically excluded in the policy.[6] The allegations contained in the petition for intervention bringing Travelers and its insured, Phylway, into the litigation were that the damages arose out of the loading, unloading, transporting and storing of the wrongfully seized property. Whether it was Phylway or another defendant-in-intervention that *197 participated in the movement of the wrongfully seized property is immaterial. The fact remains that the Travelers' insurance policy specifically excluded coverage for damages arising out of the use (loading or unloading) of "autos" or the transportation of "mobile equipment." Furthermore, there has been no showing that the seized property is anything other than equipment which would be classified as "auto" or "mobile equipment" in Travelers' insurance policy.
In another exclusion, the policy specifically excludes damage to personal property in the care, custody or control of Phylway. Therefore, whether Phylway actually had care, custody or control over the seized property belonging to Caldarera is immaterial because the fact remains that any damage to property within Phylway's care, custody or control would be excluded by the policy.
Where the policy language is clear, the language of the exclusion must be enforced as written. See Frost v. David, 95-0839 at 4, 673 So.2d at 343. Plaintiff presented no counter evidence to show that the property damage claimed by Caldarera should otherwise be covered by the insurance policy issued to Phylway. Plaintiff did not submit any evidence showing the existence of specific facts establishing a genuine issue of material fact regarding the interpretation of the insurance policy coverage. The trial court correctly granted the summary judgment. This assignment of error is without merit.

DECREE
For the foregoing reasons the judgment of the trial court is affirmed. Plaintiff, Phyllis Adams, and Defendant-in-Intervention, Phylway Construction, Inc., are cast for the cost of this appeal.
AFFIRMED.
FOGG, J., dissents and assigns reasons.
FOGG, J., dissenting.
I respectfully dissent. LSA-C.C.P. art. 966(B) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The insurance policy on which Travelers relies in moving for summary judgment is neither attached to an affidavit nor certified. In Robertson v. Northshore Regional Med. Ctr., 97-2068 (La. App. 1 Cir. 9/25/98), 723 So.2d 460, overruled on other grounds, Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, (La.2/29/00), 755 So.2d 226, this court held that a document that is not "an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality on summary judgment to be given weight in determining whether or not there remain genuine issues of material fact." Robertson, 97-2068 at 5-6, 723 So.2d at 464. See also Murphy v. L & L Marine Transp., Inc. 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045; Anderson v. Allstate Ins. Co., 93-1102 (La.App. 1 Cir. 4/8/94), 642 So.2d 208; Continental Cas. Co. v. McClure, 313 So.2d 260 (La.App. 4 Cir.1975). Therefore, the insurance policy was not properly before the trial court in considering the motion for summary judgment. Without the policy, Travelers failed to carry its burden of showing that no issue of material fact exists, and summary judgment is improper.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Plaintiff also sued Phyllis Kidder Arceneaux, the ex-wife of defendant, Kenneth Arceneaux. However, Ms. Arceneaux's involvement is not at issue in this appeal.
[3] Two supplemental and amending petitions for intervention were filed by Caldarera. Other named defendants-in-intervention are: Ronald Adams Contractors (Adams) and its insurer, Liberty Mutual Insurance Company (Liberty Mutual). The claims involving Adams and Liberty Mutual are not pertinent to this appeal; however, Phylway allegedly provided the equipment and labor necessary to transport the wrongfully seized property.
[4] This court previously ruled in an unpublished opinion, Phyllis Adams v. Kenneth Arceneaux and Contours Unlimited, Inc., 97-2557 (La.App. 1st Cir.11/6/98), 728 So.2d 30, that the trial court correctly granted a preliminary injunction prohibiting the judicial sale of the seized equipment belonging to Caldarera.
[5] Plaintiff opposed the setting of the summary judgment motion for hearing because a non-moving party (Caldarera) requested that the summary judgment motion be heard on the same day as the plaintiff's exceptions. In Caldarera's motion and order to set the summary judgment for contradictory hearing, counsel indicated that Traveler's was not opposed to the motion for summary judgment being argued at the same hearing as plaintiff's exceptions. Traveler's counsel appeared and was prepared to argue the motion for summary judgment at the hearing.
[6] The seized property included two pick-up trucks, two utility trailers, a Mack truck, two excavators, a backhoe and a trencher.