849 So.2d 632 (2003)
Blake BOURGEOIS, et al.
v.
Jeffrey F. WILEY, Sheriff of Ascension Parish.
No. 2002 CA 1420.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*633 J. Courtney Wilson, New Orleans, for Plaintiffs/Appellants, Blake Bourgeois, et al.
*634 Fred Schroeder, New Orleans, for Defendant/Appellee, Sheriff Jeffrey Wiley.
Before: CARTER, C.J., WHIPPLE and CIACCIO,[1] JJ.
WHIPPLE, J.
Plaintiffs, who were inmates in the Ascension Parish Jail, appeal the judgment of the trial court, granting the motion for summary judgment in favor of defendant, Sheriff Jeffrey Wiley, and dismissing their claims for damages with prejudice. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
In 1997, plaintiffs, who were incarcerated at the Ascension Parish Jail in Donaldsonville, Louisiana, filed suit in federal court asserting a claim for damages pursuant to 42 U.S.C. § 1983, the Fourteenth and Eighth Amendments to the U.S. Constitution and Louisiana state law.[2] Named as defendants were the present and former sheriffs of Ascension Parish, the warden of Ascension Parish Jail and various correctional officers employed by the Ascension Parish Jail.
In their petition, plaintiffs averred that, at various times from June 1996 through March 1997, they had been confined to disciplinary cells at the Ascension Parish Jail and that, during those confinements, they were subjected to conditions so unsanitary at to constitute a violation of their constitutional rights. Specifically, they averred that these disciplinary cells had no running water or toilets. They further averred that in the middle of each cell was a hole in the floor covered with metal bars that was connected to the sewer system and that they were required to relieve themselves in this hole. According to the petition, the hole could not be flushed by the inmates of the cell, but, rather, had to be flushed by a correctional officer from outside of the cell. Plaintiffs further alleged that the hole overflowed on a regular basis when flushed, causing feces, urine and other waste to flood the floor of the cell.
In the petition, plaintiffs also averred that water was irregularly provided to them in a one-gallon plastic jug to be shared by the two inhabitants of the cell for drinking and washing their hands. However, according to plaintiffs, because the metal bars over the hole restricted the passage of feces, they were required to use their water to attempt to wash the feces through the metal grating. Additionally, plaintiffs complained that there were no windows in the cells, food was distributed through a slot in the cell doors and the lights often remained on through the day and night. Plaintiffs sought damages for physical pain and suffering, mental anguish and distress, and any necessary medical expenses.
On motion for summary judgment filed by defendants in the federal action, the federal court ruled that plaintiffs' federal claims were barred by 42 U.S.C. § 1997e(e) of the federal Prison Litigation Reform Act (the federal PLRA), effective April 26, 1996, which provided that "[n]o *635 Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." (Emphasis added). The federal court concluded that the physical injuries of which plaintiffs complained were de minimis physical injuries. Additionally, the federal court found that there was no evidence the plaintiffs had been "deprived of a single identifiable human need." Accordingly, the federal court dismissed plaintiffs' suit "without prejudice to any state law claim."
Thereafter, plaintiffs instituted the present action in state court against Sheriff Jeffery Wiley only, asserting the same allegations as to the conditions while they were confined to the disciplinary cells, and seeking damages pursuant to LSA-C.C. art. 2315 and the Louisiana State Constitution for physical pain and suffering, mental anguish and distress, and any necessary medical expenses.
Defendant responded by filing a motion for summary judgment, contending that plaintiffs failed to state a claim under state law, because LSA-R.S. 15:1184(E) of Louisiana's Prison Litigation Reform Act ("the Louisiana PLRA") also prohibits a prisoner from seeking damages for mental injury suffered while in custody without a prior showing of physical injury. Defendant argued that because plaintiffs had failed to allege any physical injuries, he was entitled to judgment as a matter of law, dismissing plaintiffs' claims against him.[3]
Plaintiffs opposed the motion, noting that the Louisiana PLRA, including the LSA-R.S. 15:1184(E) physical injury requirement, became effective July 9, 1997, after the alleged events giving rise to plaintiffs' causes of action. Thus, plaintiffs argued that because their rights were vested before enactment of the Louisiana PLRA, LSA-R.S. 15:1184(E) could not be applied retroactively to divest them of a vested right. Defendant, on the other hand, argued that LSA-R.S. 15:1184(E) is procedural in nature and, accordingly, should be applied retroactively to the present case.
Following a hearing on the motion, the trial court, without giving reasons, granted defendant's motion and dismissed plaintiffs' claims with prejudice. From the judgment dismissing their claims, plaintiffs appeal, averring that the trial court erred in applying the physical injury requirement of LSA-R.S. 15:1184(E) retroactively to dismiss their claims.

DISCUSSION
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Pursuant to LSA-C.C.P. art. 966(C)(2), if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there *636 is no genuine issue of material fact and summary judgment will be granted. LSA-C.C.P. arts. 966 & 967; Keller v. Case, 99-0424, p. 3 (La.App. 1st Cir.3/31/00), 757 So.2d 920, 922, writ denied, XXXX-XXXX (La.9/29/00), 770 So.2d 354.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Keller, 99-0424 at p. 4, 757 So.2d at 922.
In the instant case, the relevant facts are not in dispute. The Louisiana PLRA was enacted by Acts 1997, No. 731 § 1, and became effective July 9, 1997. As part of the Louisiana PLRA, LSA-R.S. 15:1184(E) was enacted to provide: "No civil action may be brought by a prisoner confined in any prison for mental or emotional injury suffered while in custody without a prior showing of physical injury." This section was subsequently amended by Acts 1998. 1st Ex.Sess., No. 110, § 1, effective May 5, 1998, to provide: "No prisoner suit may assert a claim under state law for mental or emotional injury suffered while in custody without a prior showing of physical injury."
Plaintiffs filed their petition for damages on November 12, 1999, after the effective date of the Louisiana PLRA and the amendment to LSA-R.S. 15:1184(E). However, the alleged actions giving rise to their claims occurred between June 1996 and March 1997, before the effective date of the Louisiana PLRA. Thus, the issue presented is whether the Louisiana PLRA applies where plaintiffs' claims arose prior to its adoption, but the petition for damages for those claims was not filed until after the effective date.
When determining whether a statute should be applied retroactively, a court must defer to the legislature's intent. LSA-C.C. art. 6; LSA-R.S. 1:2. In the absence of contrary legislative expression, substantive laws apply prospectively only, whereas procedural and interpretative laws apply both prospectively and retroactively.[4] LSA-C.C. art. 6; LSA-R.S. 1:2; Bourgeois v. A.P. Green Industries, Inc., XXXX-XXXX, p. 6 (La.4/3/01), 783 So.2d 1251, 1257.
A determination of retroactivity requires a two-fold inquiry: First, we must ascertain whether in the enactment, the legislature expressed its intent regarding retroactive or prospective application. If such intent is expressed, the inquiry ends unless the enactment impairs contractual obligations or vested rights. If no such intent is expressed, the enactment must be classified as substantive, procedural or interpretive. Sawicki v. K/S Stavanger Prince, XXXX-XXXX, p. 8 (La.12/7/01), 802 So.2d 598, 603; Keith v. United States Fidelity & Guaranty Company, 96-2075, p. 6 (La.5/9/97), 694 So.2d 180, 183.
The first step, i.e., determining whether the legislature expressly provided for retroactive application, is resolved by examining the specific language contained in the Act. Bourgeois, XXXX-XXXX at p. 7, 783 So.2d at 1258. In reviewing Acts 1997, No. 731, § 1, and Acts 1998, 1st Ex.Sess., No. 110, § 1, the acts which enacted and subsequently amended LSA-R.S. 15:1184(E), we find no legislative expression *637 regarding prospective or retroactive application of this particular statute. Contrary to defendant's argument, there is no clear and unmistakable expression of legislative intent in the wording of the legislation regarding retrospective application.[5]Compage Keith, 96-2075 at p. 6, 694 So.2d at 183. Therefore, we must determine whether the legislation is substantive (applying prospectively only) or whether it is procedural or interpretive (applying prospectively and retroactively). Sawicki, XXXX-XXXX at p. 8, 802 So.2d at 603.
After carefully reviewing the legislation at issue, we find that LSA-R.S. 15:1184(E) is substantive legislation. Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. Sawicki, XXXX-XXXX at p. 8, 802 So.2d at 603. Louisiana law has long recognized a cause of action for mental anguish tort damages. LSA-C.C. art. 2315; Lejeune v. Rayne Branch Hospital, 556 So.2d 559, 563 (La.1990). Additionally, individuals have been allowed to recover mental anguish damages for violation of constitutional rights. See Belgarde v. City of Natchitoches, 156 So.2d 132, 134 (La.App. 3rd Cir.1963). Moreover, prior to the enactment of LSA-R.S. 15:1184(E), a prisoner was able to assert a claim for mental or emotional injury, even in the absence of physical injury. See Cotton v. City of Shreveport, 30,734 (La.App. 2nd Cir.6/24/98), 715 So.2d 651. The enactment of LSA-R.S. 15:1184(E), however, changed the existing right of an inmate to assert a cause of action for mental or emotional injury by extinguishing a prisoner's cause of action for mental anguish in the absence of accompanying physical injury. Thus, this legislation clearly changed the existing rights of prisoners to assert a claim for mental or emotional injury, and it is, accordingly, substantive in nature. Because it is a substantive enactment, LSA-R.S. 15:1184(E) should be applied prospectively only to causes of action arising after its effective date. The trial court erred in applying it retroactively.
Additionally, we note that even if it were determined that this legislation *638 contained a clear legislative intent that LSA-R.S. 15:1184(E) should be applied retroactively, the legislature's power to enact retroactive laws is limited by the Due Process and Contract Clauses of the United States and Louisiana Constitutions. U.S. Const. amend. XIV, § 1; U.S. Const. art. I, § 10; La. Const. art. 1, § 2; La. Const. art. 1, § 23; Bourgeois, XXXX-XXXX at p. 9, 783 So.2d at 1258-1259. Plaintiffs contend that retroactive application of LSA-R.S. 15:1184(E) to their claims would contravene due process guarantees by divesting them of their vested rights in their causes of action which accrued prior to the effective date of LSA-R.S. 15:1184(E). We agree.
When a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right which is protected by the guarantee of due process. Thus, a cause of action, once accrued, cannot be divested by subsequent legislation. Bourgeois, XXXX-XXXX at p. 9, 783 So.2d at 1259. Under Louisiana law, a cause of action accrues when a party has the right to sue. Falgout v. Dealers Truck Equipment Co., 98-3150, p. 12 (La.10/19/99), 748 So.2d 399, 407. We must therefore determine whether plaintiffs had an accrued cause of action, i.e., the right to sue, prior to the effective date of LSA-R.S. 15:1184(E).
As stated above, prior to the effective date of LSA-R.S. 15:1184(E), prisoners, like all other persons, could assert a cause of action for mental or emotional injury pursuant to LSA-C.C. art. 2315, regardless of whether there was an accompanying physical injury. Because a cause of action for mental or emotional injury alone existed prior to the effective date of LSA-R.S. 15:1184(E), plaintiffs have a vested right to assert their causes of action for damages if those rights accrued prior to July 7, 1997. As set forth in plaintiffs' petition, the "facts" giving rise to the alleged mental and emotional injuries occurred between June 1996 and March 1997, prior to the effective date of LSA-R.S. 15:1184(E). Thus, we must conclude plaintiffs have a vested property right in their accrued causes of action which cannot constitutionally be divested by LSA-R.S. 15:1184(E).[6]Bourgeois, XXXX-XXXX at pp. 11-12, 783 So.2d at 1260-1261.
Accordingly, we find that the trial court committed legal error in applying LSA-R.S. 15:1184(E) retroactively to plaintiffs' causes of action, which had accrued prior to the effective date of this legislation.

CONCLUSION
For the above and foregoing reasons, the September 18, 2001 judgment of the trial court, granting defendant's motion for summary judgment and dismissing plaintiffs' suit with prejudice, is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. We pretermit assessment of costs of this appeal, pending the outcome of further proceedings, including any decision on the merits.
REVERSED AND REMANDED.
NOTES
[1] Judge Philip C. Ciaccio (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The named plaintiffs in both the federal court action and the present action are Blake Bourgeois, Samuel Carcisse, Dathrone Chapman, Darrell Dunn, Herbert Francois, Lawrence Gaines, Cardell Haynes, Keith Hicks, Gerald Hilton, Reggie Holland, Robert Muse, Jr., Andrew North, Johnel Peters, Kevin Peterson, Joe Spriggs, Oscar Vicknair, Jr., Darryl West, Jr. and Mark Wheat.
[3] Although defendant contended that plaintiffs had not alleged that they suffered any physical injury, plaintiffs did aver in their petition that they had suffered some physical injuries. However, plaintiffs have not asserted that the injuries alleged, which included such things as back aches, vomiting and nausea, constituted more than de minimis physical injuries.
[4] While LSA-R.S. 1:2 does not distinguish between substantive, procedural and interpretative laws in its directive that "[n]o section of the Revised Statutes is retroactive unless it is expressly so stated," this statute has been limited to apply only to substantive legislation. Bourgeois v. A.P. Green Industries, Inc., XXXX-XXXX, p. 6 n. 6 (La.4/3/01), 783 So.2d 1251, 1257 n. 6.
[5] With regard to legislative intent of retroactive application, defendant argues that the 1998 amendment to LSA-R.S. 15:1184(E), which changed the phrase "no civil action may be brought" to "no prisoner suit may assert a claim," expresses an intention to apply its effect to the broadest possible range of claims, including pending suits and suits filed after the statute's effective date.

In Martin v. Hadix, 527 U.S. 343, 119 S.Ct. 1998, 144 L.Ed.2d 347 [(1999)], the United States Supreme Court considered the retroactivity of the attorney's fee provision of the federal PLRA. The section at issue, 42 U.S.C. § 1997e(d), provided that "[i]n any action brought by a prisoner who is confined [to a correctional facility] ... attorney's fees ... shall not be awarded, except" as authorized by the statute. In arguing for retroactive application, the petitioners therein contended that the language "in any action brought by a prisoner who is confined" expressed a clear congressional intent to apply to pending cases. Martin, 527 U.S. at 353, 119 S.Ct. at 2003-2004. (Emphasis in original).
In rejecting that argument, the Supreme Court stated:
The fundamental problem with all of petitioners' statutory arguments is that they stretch the language of [42 U.S.C. § 1997e(d)] to find congressional intent on the temporal scope of that section when we believe that [it] is better read as setting substantive limits on the award of attorney's fees.... In other words, these sections define the substantive availability of attorney's fees; they do not purport to define the temporal reach of these substantive limitations.
Martin, 527 U.S. at 353-354, 119 S.Ct. at 2004.
Similarly, we find that defendant's interpretation of LSA-R.S. 15:1184(E) stretches the language therein in an attempt to find legislative intent regarding retroactivity.
[6] By our ruling herein, we offer no opinion as to whether plaintiffs will be able to offer sufficient proof to support a cause of action for mental or emotional damages. This issue is wholly separate from the issue of whether LSA-R.S. 15:1184(E) can be applied retroactively to divest plaintiffs of their right to assert their causes of action. See Bourgeois, XXXX-XXXX at p. 12 n. 10, 783 So.2d at 1261 n. 10.