Kelly vs. Lyons.

## No. 10,150.

### JOHN F. KELLY VS. ISAAC L. LYONS.

When a party, about to be sued, is presented by his adversary with a petition addressed to a particular court, and endorses thereon his acceptance of service, waiver of citation and confession of judgment, and when, two days afterward, said petition and confession are filed in court and judgment rendered thereon, defendant cannot claim that such judgment is a nullity. because violating Art. 162, C. P., prohibiting election of a domicile (other than his own) for the purpose of being sued.

The confession of judgment was a pleading to the merits, and being filed with his authorization, its effect is to be governed by the date of filing and not by the date of its preparation.

Having thus pleaded to the merits, without exception to the jurisdiction, the judgment rendered is valid.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*Merrick & Merrick* for Plaintiff and Appellant:

A confession of judgment on a petition addressed to a judge in a jurisdiction outside of the domicile of the debtor, to be subsequently filed in such jurisdiction beyond the domicile, is virtually a waiver of domicile, and prohibited by Articles 89, 92, 129 and 162 of the Code of Practice. Revised Stat. 1870, Sec. 1204.

This recognition of the incompetent judge by the debtor, in a proceeding subsequently to be filed, is not within the exception contained in Article 93 of the Civil Code. Phipps vs. Snodgrass, 31 Ann. R. 91, and is void.

*Farrar, Jonas & Kruttschnitt* for Defendant and Appellee:

1. It is now the settled jurisprudence of this State that there is no conflict between Art. 192, C. P., as amended by the Act of 1861, and Articles 93, 333 and 335; and that the Act of 1861 was intended only to invalidate agreements electing a domicile for the purpose of being sued. Jex vs. Keary, 18 Ann. 89; Marqueze vs. Leblanc, 29 Ann. 194; School Board vs. Weber, 30 Ann. 595; Phipps vs. Snodgrass, 31 Ann. 88; Stevenson vs. Whitney, Tax Collector, 33 Ann. 655; Stackhouse vs. Zuntz, 36 Ann. 531.

2. The contrary jurisprudence established by Richardson vs. Hunter, 23 Ann. 255, and Simpson vs. Hope, Idem, 558; Bush & Goode vs. Chapman, 24 Ann. 277, and other cases, has been expressly overruled by the above authorities.

---

The opinion of the Court was delivered by ·

FENNER, J.  On the 8th day of February, 1886, Lyons filed in the Civil District Court a petition against Kelly upon notes and accounts aggregating $4250.  The petition, when filed, contained the following endorsement:  "Service of the foregoing petition accepted and citation waived, and judgment confessed in favor of plaintiff, as therein prayed for, with interest and costs," which endorsement was signed by Kelly and duly acknowledged before a notary public, on February 6, 1886.

On February 10, 1886, judgment was rendered against Kelly, as

prayed for, which recites as its reasons, "considering the written confession herein on file, and on producing due proof in support of the demand, the law and evidence being in favor of plaintiff."

In February, 1887, a writ of *fieri facias* was issued, addressed to the sheriff of the parish of Winn, under which certain property of Kelly was seized and sold, and the writ was returned partially satisfied.

On May 10, 1887, Kelly filed an action to have the judgment declared a nullity, on the grounds that, at the date of his waiver of citation and confession, and of the filing of the suit and the rendition of the judgment, he was a resident of the parish of Winn, which " is not within the jurisdiction of the Civil District Court of Orleans, and that the said court has no civil jurisdiction of the person of your petitioner, and that the judgment aforesaid is void and of no effect, having been rendered in violation of Articles 90 and 162 of the Code of Practice."

To this petition, of which the original proceedings were made part, Lyons filed an exception of no cause of action, which was sustained in the court below, from which judgment of present appeal is taken.

The sole question is, whether the case, on the showing made, is controlled by the concluding paragraph of Art. 162, C. P., which lays down the general rule that a party must be sued at his domicile, "and shall not be permitted to elect any other domicile or residence for the purpose of being sued, subject to those exceptions expressly provided by law;" or by Articles 93, 333, 334, 335 and 336, the last four of which provide, in effect, that exceptions to the jurisdiction, *ratione personæ*, must be pleaded *in limine*, and the first declares that, in absence of such exception, the judgment rendered shall be valid, notwithstanding the suit may have been brought elsewhere than at the domicile. We consider it beyond question that the case is governed by Art. 93.

Knowing that he was to be sued forthwith, and presented, indeed, with a petition actually drawn for the purpose and addressed to a particular court, he endorses thereon his acceptance of service, waiver of citation and confession of judgment. It is evident, and not disputed, that this gave authority to the attorney who drew the petition to file in court his endorsement, and the act of filing, being done by his authorization, was his act, and is to be treated precisely as if, on the filing of the petition, he had himself appeared in court and entered the confession. Such confession was a pleading to the merits, and the judgment thereon was valid under the very terms of Art. 93.

The mere reading of the recent cases interpreting Art. 162, C. P.,

will show that this is not the election of domicile which is prohibited by either the letter or spirit of that article. Phipps vs. Snodgrass, 31 Ann. 88; Stevenson vs. Whitney, 33 Ann. 655; Stackhouse vs. Zuntz, 36 Ann. 531.

In the last case we broadly said: " It is now the settled jurisprudence that parties may, by consent, waive personal jurisdiction and submit their controversy to the determination of another tribunal than that of their domicile, having jurisdiction over the subject matter, and that this latter thereby becomes vested with complete jurisdiction over the matter."

It is true, that this applies generally to waivers made in pending suits ; but when the waiver is made in the shape of a pleading, its effect is governed, not by the date when it was prepared, but by that on which it was filed in court.

If a non-resident defendant, advised that a suit was about to be brought against him here, should employ his attorney and instruct him, when the suit was brought, to file a particular answer, surely the validity of the pleading, when filed to waive jurisdiction, would not be effected by the fact that the instructions had been given and the plea prepared before the suit. We think the instant case stands on the same footing.

In Phipps vs. Snodgrass it was held that Art. 162 " relates to cases where parties, by agreement, and with a view to a future suit, designate a place (other than defendant's domicile) in which to bring it."

Here, there is no allegation of any agreement whatever on the subject of the place where the suit should be brought, and it is not alleged, nor does it appear, that plaintiff even knew that New Orleans was not defendant's domicil, or used any influence or inducement to obtain his confession.

Judgment affirmed.