802 So.2d 598 (2001)
Andrezj SAWICKI
v.
K/S STAVANGER PRINCE and Assuranceforeningen Skuld.
No. 2001-C-0528.
Supreme Court of Louisiana.
December 7, 2001.
Rehearing Denied February 1, 2002.
*599 Richard J. Dodson, Kenneth H. Hooks, III, Law Office of Richard J. Dodson, Baton Rouge, Counsel for Applicant.
David B. Lowton, Kenneth J. Gelpi, Jr., Michael M. Butterworth, Laurence R. De-Buys, IV, Terriberry, Carroll & Yancey, New Orleans, Counsel for Respondent.
CALOGERO, Chief Justice.[*]
Subsection A(2) of Louisiana Revised Statute 23:921 is a provision which, in part, prohibits enforcement of forum selection clauses contained in employment contracts or collective bargaining agreements unless the clause is "expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action." La.Rev.Stat. 23:921A(2) was enacted in 1999, after this court rendered its decision in Lejano v. K.S. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158.
*600 We granted this writ to determine whether the portion of La.Rev.Stat. 23:921A(2) concerning the enforcement of forum selection clauses is applicable to a cause of action which accrued prior to the amendment. We answer that question in the affirmative, finding that the portion of subsection A(2) concerning the enforceability of forum selection clauses is procedural in nature and should be applied retroactively. The lower courts, however, failed to apply La.Rev.Stat. 23:921A(2) to the forum selection clause at hand, and hence, issues of material fact remain as to whether the clause is enforceable under that statute. We therefore remand the matter to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Andrezj Sawicki, is a resident and citizen of Poland. For three consecutive years, beginning in 1993, he worked aboard the M/V Stavanger Prince, a Norwegian flag vessel, owned by a Norwegian partnership (KA Stavanger Prince), and operated by a Norwegian Company (DSD Shipping AS). This lawsuit stems from an event which occurred on board the M/V Stavanger Prince, on January 14, 1995.
On that date, Sawicki was working aboard the vessel which at the time was located approximately 30 miles off the coast of Galveston, Texas. While attempting to remove and replace the engine cams of the vessel, one of the cams became stuck. Sawicki began tapping on it with a hammer, and a metal splinter struck him in his left eye, damaging his retina. He received treatment in New Orleans where surgery was performed to remove the metal splinter. Following the surgery, plaintiff was required to keep his head in a face down position for one month so that the retina could reattach.
After the injury, Sawicki's claim representative asked DSD Shipping AS to remit disability payments pursuant to a collective bargaining agreement (CBA). The CBA was not part of Sawicki's 1995 employment contract, but it was incorporated into the document by reference. Line 10 of the employment contract reads as follows:
wages/overtime pay and other conditions according to the collective agreement between ASO and POLISH SEAMEN UNION.
On August 26, 1996, DSD mailed a letter to Sawicki, indicating that the company had remitted $10,800.00 in disability compensation and that the payment was in accordance with the collective bargaining agreement. Plaintiff signed a receipt but did not sign an attendant release. At trial plaintiff testified that he understood the disability payments that he had accepted were pursuant to the collective bargaining agreement.
On January 13, 1998, Sawicki filed a Jones Act claim against K/S Stavanger Prince and its insurer, Assuranceforeningen Skuld, in Louisiana's thirty-fourth judicial district court, parish of St. Bernard. Jurisdiction in the Louisiana court was obtained by use of a non-resident writ of attachment on the M/V Stavanger Prince. On January 15, 1998, defendants posted a $750,000 bond and the vessel was released.
On February 11, 1999, defendants filed a motion for partial summary judgment, contending that plaintiffs claim should be dismissed by the Louisiana court because of a forum selection clause of the collective bargaining agreement. That clause reads as follows:
This agreement is subject to Norwegian law and the jurisdiction of the courts in Norway.
The contracts of engagement between the Company and the seafarers shall *601 have provisions which indicate that the contracts of employment are subject to Norwegian law and jurisdiction of Norwegian Courts. Legal action against the Company concerning an employee's service on board the vessel, may however, be brought either in the courts of Norway or in the courts of the country where the employee is domiciled.
Defendants argued that the clause required Sawicki to bring his claim either in Norway or in Poland (Sawicki's domicile) and, hence, suit was not proper in a Louisiana court.
On March 5, 1999, the district court granted defendants' motion and ordered plaintiff's action dismissed. Sawicki appealed, and the trial court judgment was affirmed. The court of appeal found that Sawicki was subject to the collective bargaining agreement and that the forum selection clause contained therein was enforceable under this court's holding in Lejano v. K.S. Bandak 97-0388 (La.12/12/97), 705 So.2d 158.
Plaintiff's writ application to this court was granted. In his appeal, Sawicki argues that the collective bargaining agreement which contains the forum selection clause is inapplicable to his claim and that even if the CBA does apply, the forum selection clause therein is not enforceable because of the 1999 amendment to La.Rev. Stat. 23:921A(2).

LAW AND DISCUSSION
Article III, § 2 of the United States Constitution extends the judicial power of the United States to "all cases of admiralty and maritime jurisdiction."[1] In 1789, the First Congress created United States district courts, giving them admiralty jurisdiction.[2] The current grant of admiralty jurisdiction to the federal courts is contained in 28 U.S.C. § 1333 which grants district courts subject matter jurisdiction over admiralty and maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled."[3]
28 U.S.C. § 1333 has been interpreted so as to require in rem actions to be brought in federal court while most other admiralty and maritime actions may be filed in either state or federal forums. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 452, 121 S.Ct. 993, 1003, 148 L.Ed.2d 931 (2001)("the saving to suitors clause does not reach actions in rem"). However, if a plaintiff chooses to pursue his maritime claim in state court, he is bound to follow federal substantive law. See Chelentis v. Luckenbach S.S. Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918).
The federal substantive law concerning forum selection clauses was enunciated in M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In M/S Bremen, the United States Supreme Court held that "a contractual choice-of-forum clause should be *602 held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." M/S Bremen, 407 U.S. at 15, 92 S.Ct. at 1916.
This court, in Lejano, applied the M/S Bremen standard to a forum selection clause appearing in a seaman's contract with his employer. In Lejano, the plaintiff, a Filipino seaman, was working aboard the M/V BANDAK in the straits of Florida when he was injured. Plaintiff sued in Louisiana, seeking recovery under the Jones Act, General Maritime Law, and Federal Maritime Law. Plaintiffs Norwegian employer, its insurers, the owner of the vessel, and a shipping company were all named as defendants. In response to the suit, defendants argued that the forum selection clause in plaintiff's employment contract was enforceable and it barred plaintiff from bringing his suit in Louisiana. That clause, which was contained in both the contract and the collective bargaining agreement in that case, read as follows:
The Union and the ASO have observed that according to the NIS ACT this agreement should be subjected to Norwegian law and the jurisdiction of the courts in Norway.
Cases concerning the seafarer's service on the ship may be brought against the Company before a Norwegian Court or before a Court in the seafarer's country of residence.
The lower courts found that the forum selection clause was binding on Mr. Lejano, and on appeal we affirmed, holding as follows:
This court is not inclined to extract the forum selection provision of the employment contract, which would otherwise be enforceable under Philippine law, and render the clause unenforceable when the clause prevails under the standards promulgated by the Court in The M/S Bremen, Under these circumstances, this court finds that the forum selection provisions of the employment contract is not adhesive, neither is it affected by fraud, undue influence, or overweening bargaining power. Moreover, Mr. Lejano has failed to make a clear showing that enforcement would be unreasonable, unjust, fraudulent or overreaching. Following the standards of The M/S Bremen, we hold that forum selection provision of the employment contract is enforceable.
Lejano, 705 So.2d at 168.
The court of appeal, in the case before us now, found that Sawicki was bound by the collective bargaining agreement and held that under Lejano, the forum selection clause contained in the CBA was enforceable. We agree that Sawiciki is generally bound by the otherwise valid provisions of the collective bargaining agreement. The CBA was incorporated by reference in Sawicki's contract, and Sawicki availed himself of the provisions of the CBA by bargaining for and accepting disability payments under it.[4] But, this does not resolve the question of whether the forum selection clause, contained in the CBA, is enforceable today under Lejano and M/S Bremen. The forum selection clause must be viewed in *603 light of subsection A(2) of La.Rev.Stat. 23:921, a provision that was added to the statute in 1999, subsequent to the Lejano decision.
La.Rev.Stat. 23:921A(2) reads as follows:
The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.
This court finds that La.Rev.Stat. 23:921A(2) is applicable to the forum selection clause in the instant matter.[5] As stated supra, the United States Supreme Court in M/S Bremen held that forum selection clauses will be upheld unless they contravene strong public policy of the forum in which the suit is brought. La.Rev. Stat. 23:921A(2) is an expression of strong Louisiana public policy concerning forum selection clauses. Further, the enforcement of the statute in admiralty cases is in harmony with federal law as enunciated in M/S Bremen.
We now turn to whether La.Rev. Stat. 23:921A(2) should be applied retroactively to plaintiffs 1995 cause of action. Pursuant to Louisiana Code of Civil Procedure article 6, "in the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." If the legislature expresses an intent regarding retrospective or prospective application, then the inquiry is at an end. If the legislature does not, we must determine whether the enactment is substantive, on the one hand, or procedural or interpretative on the other. Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992); St. Paul Fire & Marine Co. v. Smith, 609 So.2d 809, 816 (La.1992).
To determine whether the legislature expressly provided for retroactive or prospective application, we must examine the specific language contained in the Act. St. Paul Fire & Marine, 609 So.2d at 816-17. In reviewing Acts 1999, No. 58, the act which inserted subsection A(2) into La.Rev.Stat. 23:921, we find no legislative expression regarding prospective or retroactive application. Therefore we must determine whether the act is substantive whereupon it would apply prospectively only or whether it is procedural or interpretive, whereupon it will apply retroactively.
This court has held that substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones; procedural laws are those which prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws; and interpretative laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. See Sudwischer v. Estate of Hoffpauir, *604 97-0785 (La.12/12/97), 705 So.2d 724; Segura v. Frank, 93 C 1271 (La.1/14/94), 630 So.2d 714, 723.
The portion of subdivision Louisiana Revised Statute 23:921A(2) concerning the enforceablity of forum selection clauses does not establish new rules, rights or duties, nor does it clarify the meaning or interpretation of the statute. The enactment does not change or alter plaintiff's cause of action but merely affects the process for judicial assertion of a substantive claim, i.e., the forum in which the claim can be adjudicated. Thus, it is procedural under the foregoing definitions. Further, this court previously held in Lejano that "the validity and interpretation of forum selection clauses may well be regarded as a procedural matter that is entirely controlled by state law." Lejano, 705 So.2d at 164. This proposition in Lejano is supported by federal jurisprudence which holds that "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive in nature." Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir.1990); Manetti-Farrow, Inc., v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988). Because we have found no legislative expression regarding prospective or retroactive application of that portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses, and have deemed that provision to be procedural, it applies both prospectively and retroactively.
Implicit in our consideration of whether the forum selection clause in this matter is affected by a later adopted Louisiana statute, however, is the possible applications of the due process and contract clauses of the United States and Louisiana Constitutions. We note that La. Civ.Code. art. 6 has constitutional implications, for a law cannot be applied retroactively if it impairs contractual obligations or disturbs vested rights. See Bourgeois v. A.P. Green Indus. Inc., 00-1528, p. 7 (La.4/3/01), 783 So.2d 1251; Keith v. U.S. Fid. & Guar. Co., 96-2075, p. 6 (La.5/9/97), 694 So.2d 180, 183; Rousselle v. Plaquemines Parish Sch. Bd., 93-1916, p. 11 (La.2/28/94), 633 So.2d 1235, 1244; Segura v. Frank, 93-1271, pp. 8-9 (La.1/14/94), 630 So.2d 714, 721; St. Paul Fire & Marine, 609 So.2d at 816 n. 11; Lott v. Haley, 370 So.2d 521, 523 (La.1979). See also 2 A.N. YIANNPOULOS, LOUISIANA CIVIL LAW TREATISE, § 10 (3d ed. 1991) ("Retroactive application of new legislation is constitutionally permissible only if it does not result in impairment of the obligation of contracts or in divestiture of vested rights.").
We find that retroactive application of the portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses does not disturb vested rights. A vested right is defined as that case when "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right." Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949) [quoting 16 C.J.S., Constitutional Law, § 215, p. 624].
Here, a retroactive application of the portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses would invalidate the forum selection provision in plaintiff's contract unless that clause is "expressly, knowingly, and voluntarily agreed to and ratified by [plaintiff] after the occurrence of the incident which is the subject of the civil or administrative action." However, as stated supra, the enforcement of forum selection is procedural in nature. It is well *605 settled that "no one has a vested right in any given mode of procedure." Denver & Rio Grande Western R. Co. v. Brotherhood of R.R. Trainmen, 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967); Lott v. Dept. Of Public Safety and Corrections, 98-1920 (La.5/18/99), 734 So.2d 617, 621; Wall v. Close, 201 La. 986, 10 So.2d 779, 784 (La.1942); State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, 611 (La.1937). Thus, retroactive application of the portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses does not disturb vested rights.
We also find, for the reasons expressed hereinafter, that retroactive enforcement of the portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses does not impair the contract between plaintiff and his Norwegian employer in violation of Article I, Section 10[1] of the United States Constitution[6] or Article I, Section 23 of the Louisiana Constitution[7]. In Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d 281, 286 (La.1986), this court, following the United States Supreme Court in Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 410-13, 103 S.Ct. 697, 704-05, 74 L.Ed.2d 569 set out a four-step analysis in determining whether retroactive application of a law violates the contract clause. Under that analysis, first, the court must determine whether the state law would, in fact, impair a contractual relationship; second, if an impairment is found, the court must determine whether the impairment is of constitutional dimension; third, if the state regulation constitutes a substantial impairment, the court must determine whether a significant and legitimate public purpose justifies the regulation; finally, if a significant and legitimate public purpose exists, the court must determine whether the adjustment of the rights and responsibilities of the contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption. Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 410-13, 103 S.Ct. 697, 704-05, 74 L.Ed.2d 569; Board of Comm'rs, 496 So.2d at 292-93.
Whether retroactive enforcement of the portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses impairs a contract and whether that impairment is of a constitutional dimension is questionable in this instance as that provision concerns only where suit can be filed. That portion of the statute does not alter, modify, or otherwise change any substantive rights of the parties, but merely imposes a procedural rule regarding where substantive rights can be enforced. Assuming, however, that retroactive enforcement of the portion of La.Rev. Stat. 23:921A(2) concerning the enforceability of forum selection clauses does create a contract impairment of constitutional dimension, such an application does not violate the contract clauses of the United States or Louisiana Constitutions. Here, a legitimate public purpose justifies the regulation and responsibilities of the contracting parties, that regulation is based upon reasonable conditions, and it is of a character appropriate to the public purpose justifying the legislation's adoption.
*606 Louisiana Revised Statute 23:921A(2) is a strong expression of Louisiana public policy concerning forum selection clauses wherein the legislature clearly intended to allow Louisiana courts to adjudicate the claims of plaintiffs who have properly invoked their jurisdiction. Thus, suits validly filed in this state can remain here, despite forum selection clauses to the contrary unless the clause was expressly, knowingly, and voluntarily entered into and ratified after the occurrence of the incident which gives rise to the litigation. The legislature has expressed Louisiana's strong policy with a legitimate concern for providing justice to those parties who would otherwise be entitled to adjudication in a Louisiana court. Furthermore, the forum selection requirements of La. Rev.Stat. 23:921A(2) are based upon reasonable conditions and are of a character appropriate to the public purpose justifying the legislation's adoption. The requirement that forum selection clauses be expressly, knowingly and voluntarily entered into and ratified after the occurrence of injury is a reasonable condition, and is appropriately geared toward Louisiana's public policy decision to allow its state courts to adjudicate claims brought within its jurisdiction.
Because the portion of La.Rev.Stat. 23:921A(2) concerning the enforceability of forum selection clauses is a procedural law which does apply retroactively, the lower courts should have considered the statute in rendering its decision in this case. However, the courts below dismissed plaintiff's claim on summary judgment without applying La.Rev.Stat. 23:921A(2). Material issues of fact remain as to whether Sawicki "expressly, knowingly, and voluntarily agreed to and ratified" the forum selection clause after his injury. For this reason, we reverse the holdings of the district court and court of appeal, and remand this case to the district court for further proceedings.

DECREE
SUMMARY JUDGMENT FOR DEFENDANT REVERSED REMANDED TO DISTRICT COURT.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] U.S. Const. Art. III, § 2, cl. 1.
[2] The Judiciary Act of 1789, § 9, 1 Stat 73, 76-77 (1789) provides:

The district courts .. shall ... have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, ... saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.
[3] 28 U.S.C. § 1333 reads as follows:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
(2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.
[4] Plaintiff had also argued that because the forum selection clause states that his claim "may" be brought either in Norway or in the employee's domicile, the clause is merely permissive and does not mandate that the two fora are exclusive. The court of appeal found no merit in this argument, and we agree. This court in Lejano v. K.S. Bandak 97-0388 (La.12/12/97), 705 So.2d 158, considered the same argument in a forum selection clause with language very similar to the one at hand, and rejected it. See id. at 169.
[5] This court recognizes that La.Rev.Stat. 23:921A(2) also contains restrictions on the enforceability of choice of law clauses, but we do not comment on the applicability of the statute to choice of law clauses, as that issue is not before us.
[6] U.S. Const.Art. I, § 10[1] provides that "[N]o state shall .. Pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts ..."
[7] La. Const. Art. I, § 23 provides that "no bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted."