VICTORY, J.,
dissenting.
liFor numerous reasons, I dissent from the majority opinion which upholds the forum selection clause in this case. In my view, forum selection clauses are prohibited by statute and contravene a strong public policy of Louisiana. Further, they are contrary to Louisiana’s comprehensive venue scheme and our law on forum non conveniens. Therefore, they are unenforceable under Louisiana law.
First, forum selection clauses violate Louisiana Code of Civil Procedure Article 44(A), which states: “[a]n objection to the venue may not be waived prior to the institution of the action.” A forum selection clause is a provision in a contract that mandates a particular state, county, parish, or court as the proper venue in which the parties to an action must litigate any future disputes regarding their contractual relationship. A contractual agreement to have disputes decided in a particular forum is a waiver of an objection to venue, because this selection of a particular venue necessarily waives the right to object to venue in all other forums, except the contractually selected venue. Thus, when suit is filed in the contractually selected venue, the defendant may not object because he has waived the right to object to the venue by agreeing to that venue prior to suit being filed. This is the only rational interpretation of this statute, for it could serve *883 no other purpose. Significantly, | ¡¿Professor Maraist would agree with this interpretation, as evident from his review of Article 44(A):
Venue cannot be waived until suit is filed. Thus, the Code of Civil Procedure [La. C.C.P. art. 44(A) ] would apparently preclude enforcement of a venue selection clause in a contract. However, the lower courts have enforced venue selection clauses.
Frank L. Maraist, 1 Louisiana Civil Law Treatise: Civil Procedure, § 3:7, p. 71 (2d ed.2008).
Second, the legislature has expressed that forum selection clauses are against the public policy of this state. La. R.S. 51:1407, a provision of the Unfair Trade Practices Act (“UTPA”) provides:
It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts. (Emphasis added.)
While it may have been preferable for the legislature to express this policy in a more general statute, the policy statement is worded broadly, and refers to the already existing public policy encapsulated in La. C.C.P. art. 44(A) which it simply applies to the situations the UTPA addresses. I reject the majority’s reasoning that if La. C.C.P. art. 44(A) prohibited forum selection clauses, then La. R.S. 51:1407 would be unnecessary. La. R.S. 51:1407 is broader than La. C.C.P. art. 44(A) in that it refers to a “contractual selection of venue or jurisdiction contrary to the Louisiana Code of Civil Procedure,” while La. C.C.P. art. 44(A) only prohibits pre-litigation selection of venue.
Another statute referring to a strong public policy against forum selection clauses is La. R.S. 9:2779(A), which relates to construction contracts for projects in|8this state, and which provides in part “pro-visions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.” This is another broadly worded statement that forum selection clauses are against the public policy of this state. I likewise reject the majority’s reasoning that La. R.S. 9:2779 would be superfluous under my interpretation of La. C.C.P. art. 44(A), because unlike La. C.C.P. art. 44(A), La. R.S. 9:2779 prohibits not only pre-litigation waivers of an objection to venue, but also prohibits a party from consenting to a contractually-selected venue even after the litigation has commenced. And, it prohibits a party from consenting to the application of another state’s laws. Further, it is reasonable to assume that in drafting both of these revised statutes, the legislature was reacting to the majority of the jurisprudence which had enforced forum selection clauses in spite of La. C.C.P. art. 44(A).
I also reject the majority’s contention that La. R.S. 23:921(A)(2), which prohibits forum selection clauses in employment contracts in certain circumstances, would be surplusage if my interpretation were adopted. La. R.S. 23:921(A)(2) provides:
The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee’s contract of employment or collective bargaining agreement, or attempts to *884 enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.
I find this statute provides an exception to La. C.C.P. art. 44(A) for employment contracts, allowing an employee to agree to a forum before the suit is filed, but only |4if done “after the occurrence of the incident which is the subject of the civil or administrative action.”
In Sawicki v. K/S Stavanger Prince, 01-0528 (La.12/7/01), 802 So.2d 598, we found that La. R.S. 23:921(A)(2) “is a strong expression of Louisiana public policy concerning forum selection clauses wherein the legislature clearly intended to allow Louisiana courts to adjudicate the claims of plaintiffs who have properly invoked their jurisdiction.” In holding that La. R.S. 28:921 could be applied retroactively to plaintiffs cause of action, this Court explained:
Louisiana Revised Statute 23:921A(2) is a strong expression of Louisiana public policy concerning forum selection clauses wherein the legislature clearly intended to allow Louisiana courts to adjudicate the claims of plaintiffs who have properly invoked their jurisdiction. Thus, suits validly filed in this state can remain here, despite forum selection clauses to the contrary unless the clause was expressly, knowingly, and voluntarily entered into and ratified after the occurrence of the incident which gives rise to the litigation. The legislature has expressed Louisiana’s strong policy with a legitimate concern for providing justice to those parties who would otherwise be entitled to adjudication in a Louisiana court ... The requirement that forum selection clauses be expressly, knowingly and voluntarily entered into and ratified after the occurrence of injury is a reasonable condition, and is appropriately geared toward Louisiana’s public policy decision to allow its state courts to adjudicate claims brought unthin its jurisdiction. (Emphasis added.)
802 So.2d at 606. Thus, in Sawicki the Court addressed the enforceability of a forum selection clause in an employment contract in light of La. R.S. 23:921(A)(2), specifically noting a strong public policy of this state to allow Louisiana courts to adjudicate claims of plaintiffs who have properly invoked this state’s jurisdiction. In Sawicki, we did not find that this strong public policy was limited to employment contracts.
Third, our law on forum non conveniens, La. C.C.P. art. 123, supports this interpretation. Louisiana’s forum non conveniens statute provides an out-of-state party with a means of having a suit brought in this state dismissed under certain Iscircumstances:
B. Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdic *885 tion and proper venue, shall be dismissed pursuant to this Article.
[[Image here]]
La. C.C.P. art. 123. This Court has held that La. C.C.P. art. 123 is the only method whereby an out-of-state defendant can object to a Louisiana forum on venue grounds. Fox v. Board of Sup’rs of Louisiana State University and Agr. and Mechanical College, 576 So.2d 978, 991 (La.1991) (“[b]y authorizing forum non conve-niens dismissal in only limited circumstances, it can be said that the legislature intended that this procedural device not be available in circumstances not specified in Article 123”). There is no provision in this statute which would allow a case to be dismissed by an out-of-state defendant because of a forum selection clause. In addition, the statute reflects a strong public policy in favor of Louisiana domiciliaries being able to file suit in a Louisiana court of competent jurisdiction and venue, as no suit will be dismissed on forum non conve-niens grounds if the case is brought by a Louisiana domiciliary in a Louisiana court of competent jurisdiction and venue.
Fourth, the United States Supreme Court has established that, under federal law, forum selection clauses are prima fa-cie valid and should be enforced unless “enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision.” M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Recognizing that certain states may have strong public policies against forum selection clauses, |fithe U.S. Supreme Court requires that before enforcing a forum selection clause, a federal court must look to the state law where the suit is brought to determine if that state has a strong public policy against forum selection clauses, which Louisiana does.
Fifth, the legislative history of La. C.C.P. 44(A) indicates the same. The Official Revision Comments of 1960 state that La. C.C.P. art. 44(A) “clarifies Art. 162, Code of Practice of 1870, which provides that a defendant ‘shall not be permitted to elect any other domicile or residence for the purpose of being sued.’ ” Cited for this conclusion is Jex v. Keary, 18 La.Ann. 81 (1866), wherein this Court explained in detail the proper- interpretation of Article 162 as applied to a forum selection clause choosing a particular Louisiana venue. Jex involved a forum selection clause in a mortgage which was executed in 1856. At that time, Article 162 provided “[i]t is a general rule in civil matters that one must be sued before the Judge having jurisdiction over the place where he has his domicile or residence.” Article 162 was amended in 1861 and the following words were added to the above provision: “and that it shall not be permitted to elect any other domicile or residence for the purpose of being sued.” The Court ultimately held that the amendment could not be given retroactive effect to prohibit the forum selection clause, but not before explaining the meaning of the law before, and after, the 1861 amendment:
The motive of this amendment is very clear to our mind: it was enacted to prevent the improper exercise of undue influence and advantage by money-lenders upon the needy, and to prevent also the obligor from waiving his domicile in advance, and at the time of the contracting of the obligation; and the only effect of this law is to reserve to the debtor his rights of pleading to the jurisdiction of the Court, notwithstanding any agreement to the contrary, but it does not forbid him from submitting to the jurisdiction of the Court, if he chose, by appearing and answering on the merits. C.P., Art. 93. Previous to this amend *886 ment, it was always considered that a party in contracting a debt, could agree to waive his domicile, and submit to the jurisdiction of another competent Court than that of his residence.
Jt • •
The very enactment of this amendment to Art. 162, C.P., is a strong argument, going to demonstrate that previous to its passage, parties could waive their domicile by agreement; now any such waiver is prohibited and not binding. It is the agreement that is prohibited, and nothing more. We believe then that the agreement by which the defendant consented to waive his domicile or residence, was legal and binding on him at the time he contracted the obligation, and the legislative act passed subsequently, would not affect the rights of the suing creditor.
Jex, 18 La.Ann. at pp. *6, *8-9 (emphasis added). See also Phipps v. Snodgrass, 31 La.Ann. 88 (La.1879) and Lyons v. Kelly, 4 So. 480, 40 La.Ann. 498 (La.1888) (noting that Article 162 “relates to clauses where parties by agreement and with a view to a future suit designate a place to bring it” and prohibits such agreements). Thus, according to this Court’s interpretation of Article 162 of the Code of Practice, the predecessor to La. C.C. P. art. 44(A), pre-suit waivers of domicile by contract were not allowed after Article 162 was amended in 1861. As La. C.C.P. art. 44(A) was meant to “clarify” Article 162 as amended, it is logical and consistent to conclude that La. C.C.P. art. 44(A) likewise prohibits pre-suit waivers to venue, i.e., forum selection clauses, as La. C.C.P. art. 44(A) uses the more global term, “venue.” Thus, La. C.C.P. art. 44(A) is broader, in that it prohibits waiving all objections to venue, whereas Article 162 only prohibited a party from waiving his domicile as the proper venue. Further, in clarifying Art. 162 of the Code of Practice, the legislature placed the provisions of La. C.C.P. art. 44(A) in the venue provisions of the Code of Civil Procedure, rather than in the jurisdiction provisions, which clarifies that La. C.C.P. art. 44(A) is only concerned "with waivers of venue.[1] In addition, like Article 162, La. C.C.P. art. 44(A) does not prohibit a party from consenting, after he has been sued, |sto suit in the venue chosen in the forum selection clause, if the venue chosen is waivable under La. C.C.P. art. 44(B).
Finally, consideration of Louisiana’s comprehensive venue scheme also indicates that forum selection clauses are prohibited. Under our scheme, when more than one Louisiana court has jurisdiction over both the subject matter of the action and the person of the defendant, the venue rules determine the appropriate parish or parishes in Louisiana for trial, giving consideration to the particular action and the particular defendant. Maraist, supra, § 3:1, p. 44. Unlike other states, Louisiana has a comprehensive statutory venue scheme which is contained in 32 code articles that provide the venue for all types of lawsuits. La. C.C.P. arts. 41-87. Article 42 provides the general venue rules.[2] The *887 general rules are subject to the exceptions provided in Articles 71-85 and “as otherwise provided by law.”[3] La. C.C.P. art. 43. IflCertain of these venue provisions are non-waivable.[4] La. C.C.P. art. 44(B). For other actions, the general rule is that an objection to venue is waived unless it is urged in the declinatory exception. La. C.C.P. art. 44. Professor Maraist describes these venue articles as follows:
The general venue pattern of the Code, contained in Articles 41 through 85, is simple and contemplates three kinds of venue:
1. an exclusive, non-waivable venue for actions of nullity, the opening of successions, and certain family matters;
2. a preferred venue in some actions, such as those involving opened successions, immovable property, partnerships and partition; and
8. a general venue for all other cases, ie., the defendant must be sued at his “home base” in Louisiana (e.g., at his domicile, for individuals domiciled in the state), or, at the option of plaintiff, in some alternate forum having a specified connection with the parties or the claims.
Maraist, supra, at p. 45-46.
A strong public policy against forum selection clauses can be gleaned from Louisiana’s comprehensive venue scheme, in which the legislature has provided that, in most cases, a Louisiana defendant must be sued at his domicile or place of business, i.e., his “home base.” A forum selection clause would allow a plaintiff to avoid that rule, with no statutory provision allowing such an exception. As one commentator has noted, “[if] a party has a forum-selee *888 tion clause, it is likely that several venue provisions of the Louisiana Code of Civil Procedure are being violated.” Rebecca H. Block, Seriously Now, What Gives? Legislation or Custom? The Fate of Fo-rumr-Selection Clauses In Louisiana, 39 S.U.L.Rev. 265, 275 (Spring 2012). “Thus, the most important policy reason for not enforcing forum-selection | ^clauses in Louisiana is to protect the cohesiveness of the code.” Id.
In conclusion, because a forum selection clause is a waiver of “an objection to the venue ... prior to the institution of the action,” no other determination can be made but that La. C.C.P. art. 44(A) prohibits forum selection clauses. This interpretation reflects the strong public policy against forum selection clauses. It also reflects the strong public policy of Louisiana to allow Louisiana courts of proper jurisdiction and venue to adjudicate the claims of Louisiana plaintiffs and to allow Louisiana parties to be sued at their “home base,” as seen in Louisiana’s comprehensive venue scheme. While forum selection clauses are widely used in commercial transactions throughout the country, we are obligated to apply the law as written and to declare forum selection clauses invalid under our state law. Should the legislature choose to allow forum selection clauses, the law must be changed.[5]
For all of the above reasons, I respectfully dissent.

. One commentator has explained that this may have been "to avoid the consternation potentially created by [the] judicial merger of jurisdiction ratione personae and venue” in Jex and Lyons. See Eric Michael Liddick, Give Me Freedom of Contracts or Give Me Death: The Obscurity of Article 44(A) of the Louisiana Code of Civil Procedure, 54 Loy. L.Rev. 602, 609-19 (Fall 2008).

. The general venue rules mandate that (1) actions against a Louisiana domiciliary be brought in the parish of his domicile, or if he resides but is not domiciled in the state, in the parish of his residence; (2) actions against a domestic corporation, insurer, or limited liability company be brought in the parish where its registered office is located; (3) actions against a domestic partnership or unincorporated association be brought in the *887 parish of its principal place of business; (4) actions against a foreign corporation or limited liability company licensed to do business in the state be brought where its principal place of business is located; (5) actions against a foreign corporation or limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for service of process (other than a foreign or alien insurer), be brought in the parish of the plaintiff's domicile or where service of process may be, and subsequently is, made served on the defendant; (6) actions against a nonresident (other than a foreign or alien insurer) who has appointed an agent for service of process be brought in the parish of the designated post office address of the agent; and (7) actions against foreign and alien insurers be brought in the parish of East Baton Rouge.

. These exceptions provide alternate venues for certain types of actions; actions against an individual who has changed his domicile (Art. 71); certain actions involving property (Art. 72); actions against joint or solidary obligors (Art. 73); actions on an offense or quasi offense (Art. 74); actions to establish or disavow filiation (Art. 74.1); custody proceedings (Art. 74.2); marriage of persons related by adoption (Art. 74.3); actions on an open account or promissory note (Art. 74.4); adult adoptions (Art. 74.5); actions on a judicial bond (Art. 75); actions on an insurance policy (Art. 76); actions on a contract (Art. 76.1); actions against a person doing business in another parish (Art. 77); actions against partners of an existing partnership (Art. 78); actions to dissolve a partnership (Art. 79); actions involving immovable property (Art. 80); actions involving a succession (Art. 81); actions to partition community property (Art. 82); actions to partition partnership property (Art. 83); actions involving certain retirement systems and employee benefit programs (Art. 84); actions against domestic corporations that has had their charter revoked (Art. 85); actions involving voting trusts (Art. 86); and actions involving compensation for wrongful conviction and imprisonment (Art. 87).

. These non-waivable venue provisions are found in articles 2006, 2811, 2812, 3941, 3993, 4031-4034, and 4542, and relate to the following actions: the action of nullity of judgment; a proceeding to open a succession; an action for annulment or divorce; a judicial emancipation; a petition for appointment as tutor or a minor; a petition for interdiction.

. I note one important caveat. La. C.C.P. art. 44(A) only works to prohibit the enforcement of a forum selection clause when suit is filed in Louisiana. If filed in another state with proper jurisdiction and which allows forum selection clauses, then that state's law will be applied because it is a procedural law. "Because Louisiana is one of very few states that even considers not enforcing forum-selection clauses, the unenforceability of forum selection clauses is of significance only if the suit is filed in Louisiana.” Block, supra at 272-73. Thirty-eight states, including, until now, Louisiana, have presumed the validity of forum selection clauses. Id. (Citing Rebecca H. Block and Dena M. Sonbol, Only in Louisiana: Forum-Selection Clauses Void as Against Public Policy, Around the Bar (Jan.2012), at 10, http://www.brba.org?Images?Aroundthe Barfjan2012-atb.pdf; Francis M. Dougherty, Annotation, Validity of Contractual Provision Limiting Place or Court in which Action May be Brought, 31 A.L.R.4th 404 (1984)). However, Louisiana’s strong public policy must be given effect, even if it can only be given effect by a Louisiana court.