| | | |
|---|---|---|
| **JAYSON DOE** | * | **NO. 2021-CA-0284** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JESUIT HIGH SCHOOL OF** | * | |
| **NEW ORLEANS, AND U.S.** | | **FOURTH CIRCUIT** |
| **CENTRAL AND SOUTHERN** | * | |
| **PROVINCE, SOCIETY OF** | | **STATE OF LOUISIANA** |
| **JESUS** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11837, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra
Cabrina Jenkins)

*JENKINS, J., CONCURS IN THE RESULT.*

Richard Charles Trahant
RICHARD C. TRAHANT, ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, LA 70002

Soren Erik Gisleson
Joseph E. "Jed" Cain
HERMAN HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

John H. Denenea, Jr.
SHEARMAN-DENENEA, L.L.C.
4240 Canal Street
First Floor
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT

Richard C. Stanley
Eva J. Dossier
STANLEY REUTER ROSS THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112

Richard A. Bordelon
Ian P. Gunn
DENECHAUD AND DENECHAUD, L.L.P.
201 St. Charles Avenue, Suite 3920
New Orleans, LA 70170

COUNSEL FOR DEFENDANTS/APPELLEES

**JUDGMENT AMENDED
AND AFFIRMED IN PART
AS AMENDED; AND
VACATED IN PART**

**NOVEMBER 10, 2021**

This matter is an action alleging sexual abuse of a minor brought by Appellant, Jayson Doe,[1] against Appellees, Jesuit High School ("JHS") and U.S. Central and Southern Province, Society of Jesus ("Province"). JHS and Province (collectively, "Jesuit") filed an exception of prematurity, citing Appellant's failure to satisfy the provisions of La. R.S. 9:2800.9 which require plaintiffs to attach certificates of merit to their petition at the time suit is filed. Separately, JHS filed a motion for protective order and motion to stay discovery demands propounded by Appellant. On appeal, Appellant contends the district court erred in sustaining the exception of prematurity, granting the motion for protective order,[2] and dismissing the petition without ordering that the dismissal was without prejudice.

The procedural requirements of La. R.S. 9:2800.9(B)-(D) applied to Appellant's petition at the time of its filing, and Appellant failed to comply. Hence, we find the district court properly granted the exception of prematurity and dismissed Appellant's petition. However, we clarify that sustaining the exception of prematurity called for the dismissal to be without prejudice. We also find that

---

[1] Appellant references himself as "Jayson Doe" in accord with La. R.S. 46:1844(w) that permits alleged sexual assault victims to protect their identities.

[2] The district court also granted JHS' motion for stay. However, the grant of the motion to stay was not expressly briefed by Appellant to invoke this Court's review.

1

sustaining the exception of prematurity and dismissal of Appellant's petition rendered moot the district court's grant of JHS' motion for protective order. Accordingly, we affirm that part of the judgment granting the exception of prematurity, amend and affirm as amended the judgment to dismiss, and vacate the judgment granting the motion for protective order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant represents that he was sexually abused by a JHS school janitor in 1978 when Appellant was a thirteen year-old track athlete at JHS. He alleges he suppressed the memory of the sexual abuse until November 12 or 13, 2018, when viewing online old photographs of JHS athletes triggered his memory. Thereafter, on November 12, 2019, Appellant filed suit against Jesuit.[3] His claims included negligence, fraudulent concealment, public nuisance, vicarious liability, negligent infliction of emotional distress, and invasion of privacy.

In response to Appellant's petition, Jesuit filed exceptions of prematurity, vagueness or ambiguity, peremptory exceptions of no cause of action and no right of action, and a motion to strike. As to the exception of prematurity, Jesuit noted that Appellant had not attached to his petition certificates of merit executed by his attorney and a licensed health care practitioner as required by La. R.S. 9:2800.9(B) for abuse plaintiffs twenty-one years or older.[4] Additionally, JHS filed a motion for protective order and motion to stay discovery Appellant had propounded to JHS, pending resolution of the exceptions and motions filed.

---

[3] Appellant filed a first supplemental and amended petition on December 11, 2019, adding allegations relative to his identity.

[4] Based on Appellant's representation that he was thirteen years old at the time the alleged abuse took place, Appellant would have been approximately fifty-four years old at the time suit was filed.

2

At the hearing on the exceptions and motions, the district overruled all the exceptions and denied the motions, save the exception of prematurity and JHS' motions for protective order and stay.[5] The district court deferred ruling on the exception of prematurity and the motions for protective order and stay, requesting additional briefing on the retroactivity of La. R.S. 9:2800.9.

In his supplemental opposition brief, Appellant re-stated his argument characterizing La. R.S. 9:2800.9 as a substantive statute that went into effect in 1993. Therefore, he asserted the statute's certificates of merit filing requirements could not retroactively apply to his cause of action which arose in 1978. Jesuit countered that the filing requirements applied at the time of filing as the statutory provisions merely imposed procedural requirements and did not disturb Appellant's substantive vested rights; as such, the exception of prematurity should be upheld.

After considering the supplemental briefs, the district court sustained the exception of prematurity, granted the motions for protective order and stay, and dismissed Appellant's claims against Jesuit. The signed judgment struck through language jointly proposed by the parties to dismiss the Appellant's claims "without prejudice."

The present devolutive appeal followed.

**STANDARD OF REVIEW**

The general standard of review of a judgment sustaining an exception of prematurity is manifest error; however, when the resolution of the exception involves a question of law, the appellate court conducts a *de novo* review. *See*

---

[5] The exceptions of no cause of action and no right of action were dismissed as moot by agreement of the parties.

3

*Guste Homes Resident Management Corporation v. Thomas*, 2020-0110, p. 9 (La. App. 4 Cir. 7/29/20), 302 So.3d 1181, 1187.  In the matter *sub judice*, the issue as to whether or not the district court properly maintained the exception of prematurity hinges on a question of law–whether the provisions of La. R.S. 9:2800.9 at issue are substantive or procedural.  Hence, we shall undertake a *de novo* review.

**DISCUSSION**

Appellant contends the district court erred in the following respects: (1) granting the exception of prematurity by giving retroactive application to La. R.S. 9:2800.9; (2) dismissing the petition by striking language from the jointly proposed judgment that the dismissal was without prejudice; and (3) granting JHS' protective order.   We shall address these errors sequentially.

*Retroactive Application of La. R.S. 9:2800.9*

The 1993 version of La. R.S. 9:2800.9 in effect at the time Appellant filed his action, states the following:[6]

> A. An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years.  This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority.  Abuse has the same meaning as provided in Louisiana Children's Code Article 603.  This prescriptive period shall be subject to any exception of peremption provided by law.

> B. Every plaintiff twenty-one years of age or older at the time the action is filed shall file certificates of merit executed by the attorney for the plaintiff and by a licensed mental health

---

[6] The 2021 Louisiana Legislative Session amended Subsection A of La. R.S. 9:2800.9(A) to provide, in part, that the prescriptive period for an action against a person for sexual abuse of a minor does not prescribe.   The 2021 amendment did not impact the filing requirements for certificates of merit outlined in La. R.S. 92800.9(B)-(D).  *See* 2021 La. Sess. Law Serv. Act 322 (H.B. 492) (WEST).

practitioner selected by the plaintiff declaring, respectively, as follows:

(1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one licensed mental health practitioner who is licensed to practice and practices in this state and whom the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the relevant facts and issues in the particular action, and that the attorney has concluded on the basis of that review and consultation that there is a reasonable and meritorious case for the filing of the petition. The person consulted may not be a party to the litigation.

(2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his knowledge of the facts and issues, that in his professional opinion there is a reasonable basis to believe that the plaintiff has been subject to criminal sexual activity or physical abuse during his childhood as defined in this Section.

(3) That the attorney was unable to obtain the consultation required by Paragraph (1) because a statute of limitations would impair the action and that the certificates required by Paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this Paragraph, the certificates required by Paragraphs (1) and (2) shall be filed within sixty days after filing the petition.

C. Where certificates are required pursuant to Subsection B of this Section, separate certificates shall be filed for each defendant named in the complaint.

D. A petition filed pursuant to Subsection B of this Section may not name the defendant or defendants until the court has reviewed the certificates of merit filed and has determined, in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for filing of the action. At that time, the petition may be amended to name the defendant or defendants. The duty to give notice to the defendant or defendants shall not attach until that time.

E. A violation of Subsection B of this Section may constitute unprofessional conduct and may be the grounds for discipline against the attorney.

The basis of Appellant's argument that La. R.S. 9:2800.9 cannot apply retroactively is that the statute is a substantive law, rather than a procedural law. "[S]ubstantive laws establish new rules, rights and duties or change existing ones. Procedural laws prescribe a method of enforcing a substantive right and relate to the form of the proceeding or the operation of the laws." *Church v. Mutual Ins. Co. v. Dardar*, 2013-2351, p. 17 (La. 5/7/14), 145 So.3d 271, 283 (citations omitted). La. C.C. art. 6 establishes that substantive laws apply prospectively only, whereas procedural laws may apply prospectively and retroactively, absent a legislative expression to the contrary.[7] If the legislature does not express an intent regarding retroactive or prospective application of a statute, the court must determine whether the enactment is substantive or procedural. *Sawicki v. K/S Stavanger Prince*, 2001-0528, pp. 7-8 (La. 12/7/01), 802 So.2d 598, 603. Here, the legislature expressed no express intent as to whether La. R.S. 9:2800.9 applied prospectively or retroactively. Accordingly, this Court must decide whether the statute's certificates of merit filing provisions are substantive or procedural.

Appellant supports his argument that La. R.S. 9:2800.9 is a substantive law by citing a line of cases that have found that Subsection A of the statute, which governs the prescriptive period, does not apply retroactively. These cases include *G.B.F. v. Keys*, 29,006, p. 5 (La. App. 2 Cir. 1/22/97), 687 So.2d 632, 635 (citations omitted), which held that the prescriptive provisions of La. R.S. 9:2800.9 did not apply retroactively "because to do so would revive an already prescribed cause of action, infringing upon constitutionally vested rights." Appellant also cites *Doe v. Archdiocese of New Orleans*, 2001-0734 (La. App. 4 Cir. 5/8/02), 823

---

[7] La. C.C. art. 6, Retroactivity of laws, states that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."

So.2d. 360, 366, n. 3. That case discussed the retroactivity of La. R.S. 9:2800.9 in determining whether plaintiff's sexual abuse claims prescribed as follows:

> La. C.C. art. 3496.1 was amended in 1992 to provide a three-year prescriptive period for an action against a person for abuse of a minor. In 1993, La. R.S. 9:2800.9 was enacted to provide a ten-year prescriptive period for an action against a person for sexual abuse of a minor. Neither was given retroactive application and thus do not apply in the instant case.

This Court agrees that Subsection A governing the prescriptive period of La. R.S. 9:2800.9 affects vested rights; therefore it is substantive and cannot apply retroactively. However, we disagree with Appellant's argument that having found that Subsection A is a substantive law also mandates that the certificates of merit filing provisions outlined in Subsections B through D are also substantive and preclude retroactive application. We take judicial notice that subsections of certain statutes may have substantive and procedural provisions which permits courts to examine whether the subsection is a substantive or procedural law.[8] Therefore, notwithstanding this Court's agreement that Subsection A of La. R.S. 9:2800.9 is a substantive law, this Court may still review whether the certificates of merit filing requirements outlined in Subsections B through D are substantive or procedural laws. Upon our *de novo* review, we find that they are procedural.

The requirement to file certificates of merit does not divest a plaintiff of the right to file an action for sexual abuse of a minor. The "additional hurdle" of filing certificates of merit concerns itself with the means or the process to enforce Appellant's substantive right to assert a sexual abuse of minor action. Our

---

[8] *See, e.g.,* the Louisiana Medical Malpractice Act ("LMMA") where the Supreme Court reviewed in *Blevins v. Hamilton Medical Center*, 2007-0127, p. 5 (La. 6/29/07), 959 So.2d 440, 444, whether the grounds for sustaining an exception of prematurity arose out of the LMMA's procedural requirements that a medical malpractice action must first be viewed by a medical review panel before the commencement of litigation. *See also Sawicki*, 2001-0528, p. 8, 802 So.2d at 604, in which the Supreme Court examined whether a portion of La. R.S. 23:921(A)(2) regarding the enforceability of forum selection clauses was substantive or procedural.

jurisprudence is well-settled that "no one has any vested right in any given mode of procedure." *See Sawicki*, 2001-0528, p. 10, 802 So.2d at 604-05 (citations omitted). Hence, inasmuch as La. R.S. 9:2800.9(B)-(D) are procedural laws, they applied retroactively to Appellant's cause of action which arose in 1978, notwithstanding that Appellant did not file suit until after the statutes' enactment.

In a related matter involving a sexual abuse of minor action, *Doe v. Diocese of Alexandria*, CW 20-00629 (La. App. 3 Cir. 3/11/21), the Third Circuit reached a similar result. In considering the defendant's writ application, the Third Circuit reviewed whether the defendant's exception of prematurity should have been granted based on the plaintiff's failure to comply with the certificates of merit filing requirements. In finding that the district court improperly overruled the defendant's prematurity exception, the appellate court held:

> Although the alleged conduct occurred prior to the effective date of La. R.S. 9:2800.9, Paragraph B relates to the filing of an action and includes certification and judicial review. It is therefore procedural in nature as it prescribes a method for enforcing a substantive right and relates to the form of the proceeding or the operation of law. *See Church Mut. Ins. Co. v. Dardar*, [20]13-2351 (La. 5/7/14), 145 So.3d 271.

A suit is premature when it is brought before the right to enforce it has accrued. *Alexander v. Louisiana State Bd. Of Priv. Investigator Examiners*, 2019-0778, p. 11 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, 1252. Appellant herein does not contest that the clear unambiguous meaning of La. R.S. 9:2800.9(B)-(D) required that certificates of merit be contemporaneously filed with his complaint and that he did not satisfy the filing requirements. Accordingly, having decided that La. R.S. 9:2800.9(B)-(D) are procedural provisions that retroactively applied to Appellant's action at the time he filed suit, we find the district court properly granted Jesuit's exception of prematurity. This assigned error lacks merit.

8

*Motion to Dismiss*

Appellant complains that the district court effectively dismissed his clam with prejudice when it struck through the "without prejudice" verbiage included in the proposed judgment submitted by the parties. The signed judgment reads, in part, as follows:

> **IT IS ORDERED** that the Motions for Protective Order and Stay are **GRANTED.**
>
> **IT IS FURTHER ORDERED** that the Exception of Prematurity is **SUSTAINED** and the Plaintiff's claims against Defendants, Jesuit High School of New Orleans, and U.S. Central and Southern Province, Society of Jesus, are **DISMISSED** ~~**WITHOUT PREJUDICE**~~.

The function of the dilatory exception of prematurity merely retards the action. *See* La. C.C.P. art. 923.[9] La. C.C.P. art. 933 additionally provides that "[i]f the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed." The Official Revision Comments(c) explains that "[s]uch dismissal, however, is without prejudice to the plaintiff's right to bring the action anew when matured."

In the present matter, although Appellant argues that the district court's dismissal was effectively with prejudice, the actual written judgment did not specify whether the dismissal was with or without prejudice. Generally, a judgment that is silent as to a dismissal with or without prejudice must be construed as a dismissal "without prejudice." *See Allen v. Allen*, 2016-0407, p. 4 (La. App. 1 Cir. 12/22/16), 210 So.3d 477, 480. Nonetheless, we agree with Appellant that the district court's affirmative action of striking out the parties'

---

[9] La. C.C.P. art. 923 provides, in part, that "the function of the declinatory exception is to decline the jurisdiction of the court, while the dilatory exception merely retards the progress of the action, but neither tends to defeat the action."

proposed judgment to dismiss without prejudice raises questions as to the district court's "silence" and the type of dismissal the court intended. Thus, in accord with our finding that the district court properly sustained the exception of prematurity and the Official Comments to La. C.C.P. art. 933 that an action sustaining an exception of prematurity should be dismissed without prejudice, we amend the judgment to dismiss Appellant's petition without prejudice.

### *Protective Order*

Appellant's final assignment of error maintains that the district court should not have acted on JHS' motion for protective order regarding Appellant's discovery demands once it granted the exception of prematurity and dismissed Appellant's petition. We agree. The dilatory exception of prematurity asks whether a cause of action has matured to the point that is ripe for judicial review. *Alexander*, 2019-0778, p. 11, 293 So.3d at 1252 (citations omitted). Accordingly, the effect of sustaining an exception of prematurity means the cause of action does not exist because of unmet prerequisite conditions. *See Williams v. Woods*, 2019-0894, p. 5 (La. App. 4 Cir. 3/25/20), 294 So.3d 581, 585. Applying this to the present matter, the grant of the exception of prematurity and dismissal of the suit also meant that Appellant's discovery demands were without legal effect. Therefore, the district court was precluded from addressing the merits of JHS' request for the protective order. *See In re Succession of Manheim*, 1998-2051, p.14 (La. App. 4 Cir. 4/21/99), 734 So.2d 119, 127, where the Court found that once the amended petition was dismissed as premature, all pending exceptions to the amended petition also were dismissed, and should not have been addressed in the judgment. Accordingly, we vacate the judgment granting JHS' motion for protective order as moot.

10

**CONCLUSION**

Based on the forgoing reasons, we find La. R.S. 9:2800.9(B)-(D) are procedural statutes; the statutes applied to Appellant's petition at the time of filing; and Appellant failed to meet the statutes' certificates of merit filing requirements. Accordingly, we affirm the judgment granting the exception of prematurity, amend the judgment to order a dismissal without prejudice and affirm as amended, and vacate the part of the judgment granting JHS' motion for protective order.

**JUDGMENT AMENDED;
AFFIRMED IN PART AS
AMENDED; AND
VACATED IN PART**