# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCW 14-455


LAFAYETTE CARE CENTER

VERSUS

BETTY MOUTON



**\*\*\*\*\*\*\*\*\*\***


## ON APPLICATION FOR SUPERVISORY WRITS FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 04
## DOCKET NO. 13-00790
## HEARING OFFICER ADAM JOHNSON


**\*\*\*\*\*\*\*\*\*\***


## JOHN E. CONERY
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Panel composed of  John D. Saunders, James T. Genovese, and John E. Conery, Judges.



**WRIT GRANTED AND MADE PEREMPTORY.**

Mark T. Garber
Mark T. Garber, Attorney at Law, L.L.C.
2000 West Congress
Lafayette, Louisiana 70506
(337) 234-5500

COUNSEL FOR RELATOR
BETTY MOUTON

Michael E. Parker
Allen & Gooch, A Law Corporation
2000 Kaliste Saloom Road, Suite 400
Lafayette, Louisiana 70508
(337) 291-1350

COUNSEL FOR RESPONDENT
LAFAYETTE CARE CENTER

**CONERY, Judge.**

The defendant-relator, Betty Mouton (Mouton), seeks supervisory writs from the March 12, 2014 judgment of the Office of Workers' Compensation, District 4, Adam Johnson, presiding, which denied Mouton's exception of no cause of action. For the following reasons, we grant the writ and grant Mouton's exception of no cause of action dismissing the Form 1008, Disputed Claim for Compensation, filed on January 28, 2013, by plaintiff-respondent, Lafayette Care Center (LCC) at LCC's cost.

## FACTS AND PROCEDURAL HISTORY

Mouton allegedly injured her left knee on August 20, 2009, when she slipped and fell in the course and scope of her employment as a Certified Nurse's Assistant (CNA) with LCC. Mouton has been paid indemnity and medical benefits since the date of her injury. On January 28, 2013, LCC filed a Form 1008, Disputed Claim for Compensation. The Form 1008 requested that Mouton specify her work status, provide recommendations for future medical treatment, and submit to a vocational rehabilitation examination.

At the time of Mouton's injury in 2009, La.R.S. 23:1314 provided that any claims initiated under La.R.S. 23:1310.3 would be considered premature unless the claim met one of the four enumerated circumstances. Those circumstances included an employer's failure to pay the petitioner the maximum percentage of wages; furnish or pay for medical treatment; furnish requested medical reports; or pay penalties and attorney fees owed to the petitioner.

Also at the time of Mouton's injury in 2009, La.R.S. 23:1310 allowed for an employer to file a disputed claim after a death or injury with the state or district

office relating to a benefit in dispute. *See American Home Ins. Co. Unified Recovery Grp., LLC v. Morrison*, 13-1448 (La.App. 1 Cir. 4/28/14), ___So.3d.___.

In 2012, the Louisiana legislature, pursuant to Act 860, amended La.R.S. 23:1314, effective August 1, 2012, to include sections D and E, which provided:

> D.  Disputes over medical treatment pursuant to the medical treatment schedule shall be premature unless a decision of the medical director has been obtained in accordance with R.S. 23:1203.1(J).
>
> E.  Notwithstanding any other provisions of this Section, **the employer shall be permitted to file a disputed claim to controvert benefits or concerning any other dispute arising under this Chapter.**

(Emphasis added.)

Thus, the employer was able to go forward with a disputed claim based on the 2012 amendment. However, the 2013 legislature again amended La.R.S. 23:1314(E), effective date of August 1, 2013, to further define the circumstances under which an employer could file a disputed claim to only disputes involving fraud or when the employer was appealing a decision of the medical director pursuant to R.S. 23:1203.1(K).

The legislature specifically provided for prospective and retroactive application of the 2013 amendment. "This Act is declared to be remedial, curative, and procedural and therefore is to be applied retroactively as well as prospectively. However, should any provision of this Act be declared to apply prospectively only, all provisions of this Act shall be applied prospectively only."

In response to the 2013 amendment to La.R.S. 23:1314 (E), Mouton filed an exception of no cause of action, claiming the employer's Form 1008, Disputed Claim for Compensation was premature, as it failed to allege fraud or a dispute involving the medical director's recommendation.

The exception was heard before the workers' compensation judge (WCJ) on February 21, 2014. After the hearing, the WCJ took the matter under advisement and on February 27, 2014, rendered written reasons on the record denying Mouton's exception of no cause of action. Judgment was signed on March 12, 2014. Mouton filed the instant writ, and the trial date of July 3, 2014, was stayed by the trial court pending the final disposition of this matter.

## SUPERVISORY RELIEF

"The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La. Const. art. 5, § 10. Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy." *Cook v. Family Cares Services, Inc.*, 13-108, p. 2 (La.App. 3 Cir. 8/28/13), 121 So.3d 1274, 1276. In such instances, "judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits." *Herlitz Const. Co.*, *Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878, (La.1981) (per curiam).

## STANDARD OF REVIEW

The interpretation of a statute is a question of law, which is reviewed "under a *de novo* standard of review" without deference to the lower court's decision. *Caldwell v. Janssen Pharm., Inc.*, 12- 2447, p. 9 (La. 1/28/14), ___ So.3d ___, ___. "The method for judicially interpreting statutory law, and determining whether it applies to a specific set of facts, is well-settled in our jurisprudence. The essential question in all cases of statutory interpretation is legislative intent and the ascertainment of the reason or reasons that prompted the legislature to enact the

law." *Id.* at 10. "It is a fundamental principle of statutory interpretation that '[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.' La. Civ.Code art. 9 (2004)." *Id.*

## DISCUSSION

"The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La.1993).

In the WCJ's written reasons for ruling on Mouton's exception of no cause of action concerning the application of both the 2012 amendment and the 2013 amendment to La.R.S. 23:1314, the WCJ stated:

> This matter came before the Court pursuant to an Exception of No Cause of Action. The Court has reviewed the 2012 amendment to 1314, and it reads: Necessary Allegations, Dismissal of Premature Petition, Dispute of Benefits. Further down, (e) states:
>
> > "Notwithstanding any other provisions of this section, the employer shall be permitted to file a disputed claim to controvert benefits or concerning any other dispute arising under this chapter."
>
> After reviewing the 2012 amendment, the Court finds that this amendment is a procedural change to the law. The defendant filed the 1008 on January 28, 2013. The 2013 amendment to 1314 was effective August 1, 2013, after the 1008 had already been filed.
>
> Accordingly, the exception of no cause of action is denied.

### *Retroactive Application of La.R.S. 23:1314(E)*

The WCJ held that under the 2012 amendment to La.R.S. 23:1413 (E), LCC could proceed with the Form 1008, Disputed Claim for Compensation, having found that the 2012 amendments were "a procedural change in the law." Mouton

4

argues that the 2013 amendment to La.R.S. 23:1314 should also be applied retroactively, making LCC's Form 1008, Disputed Claim for Compensation, premature pursuant to La.R.S. 23:1314(A).  We agree.

The WCJ erred in not also retroactively applying the 2013 amendment, which would have resulted in the dismissal of LCC's disputed claim against Mouton as premature.  The legislative determination that the 2013 amendment was "declared to be … procedural and therefore is to be applied both retroactively and prospectively," mandated this result.  Section 2 of Acts 2013, No. 337.

LCC argues before this court that even though the 2013 amendment to the applicable law is procedural, its ability to file a Form 1008 claim is a vested right, and the WCJ's decision to deny Mouton's exception of no cause of action should be upheld.  We disagree.  In *Church Mut. Ins. Co. v. Dardar*, 13-2351, p. 9 (La. 5/7/14), ___ So.3d ___, ___ (quoting *Sawicki v. K/S Stavanger Prince*, 01-0528, p. 10 (La. 12/7/01), 802 So.2d 598, 604-605), the supreme court specifically held that "It is well settled that, 'no one has a vested right in any given mode of procedure.'"

Therefore, LCC had no "vested right" to the procedure in place for filing of a Form 1008, Disputed Claim for Compensation, pursuant to the language in the 2012 amendment.  The 2013 amendment to La.R.S. 23:1314 must be retroactively applied and under the current wording of the statute, LCC has not alleged a cause of action.  Mouton's exception of no cause of action must be sustained.

**<u>WRIT GRANTED AND MADE PEREMPTORY</u>**.  The ruling of the workers' compensation judge denying the exception of no cause of action filed by defendant-relator, Betty Mouton, is hereby reversed.  The exception of no cause of action is hereby granted, and the disputed claim for compensation filed by

plaintiff-respondent, Lafayette Care Center, is hereby dismissed.  All costs are assessed to Lafayette Care Center.

**WRIT GRANTED AND MADE PEREMPTORY.**